Wayne W. **SHARP**, Christine Sharp Ludlum and Leonard Fowler, Petitioners,

v.

**BROADWAY NATIONAL BANK** and Amy Sue Cavender, Respondents.

No. C–8361.

Supreme Court of Texas.

Feb. 14, 1990.

Rehearing Overruled March 21, 1990.

Douglas W. Alexander, William D. Pargaman, Craig A. Morgan, Austin, Don Busby, Temple, for petitioners.

Phil J. Pollan, Dallas, Don Krause, San Antonio, for respondents.

PER CURIAM.

Again we consider whether good cause has been shown for failure to supplement a discovery request.[1] We hold that good cause was not shown in this case.

Broadway National Bank initiated this action against Wayne W. Sharp, Christine Sharp Ludlum, and others, for construction of a will containing a testamentary trust of which the Bank was trustee. The trial court resolved by summary judgment all issues except what amount of attorney fees the Bank should recover. That single issue was tried before the court without a jury.

A little more than a year before trial Sharp and Ludlum served interrogatories upon the Bank, inquiring in part as to the identity of any expert witness whom the Bank might call at trial. The Bank responded: "Non-designated at this time." The Bank never supplemented this answer.

Twenty-six days before trial, counsel for Sharp and Ludlum received the Bank's notice of deposition of an attorney whom the Bank intended to call as an expert on attorney fees. That deposition was conducted within a week of trial, and counsel for Sharp and Ludlum attended and questioned the witness.

On the day of trial, counsel for the Bank announced that he intended to call himself, the attorney who had been deposed a few days earlier, and one other attorney to testify as experts on attorney fees. Counsel for Sharp and Ludlum timely objected to the admission of expert testimony from any of these witnesses on the grounds that none of them had been identified in answers to interrogatories. *See Clark v. Trailways, Inc.,* 774 S.W.2d 644 (Tex.1989). Counsel for the Bank contended that the witnesses should nevertheless be permitted to testify because there was good cause for the Bank's failure to supplement its answers to Sharp and Ludlum's interrogatories. Alternatively, the Bank moved for continuance. After hearing lengthy argument, the trial court denied the Bank's motion for continuance, allowed the testimony of the Bank's attorney and the attorney who had been deposed, and refused to hear testimony from the Bank's third witness. The trial court did not explain why it admitted the testimony of the two attorneys, or state for the record if or how the Bank had met its burden of showing good cause for failure to supplement the interrogatories. On the evidence admitted, the trial court rendered judgment that the Bank recover from Sharp, Ludlum, and Leonard Fowler, jointly and severally, attorney fees in the amount of $20,000 for proceedings in the trial court, $7,500 in the event of an appeal to the court of appeals,

1. *See also Rainbo Baking Co. v. Stafford,* 764 S.W.2d 379 (Beaumont 1989), *writ denied per curiam,* — S.W.2d — (Tex.1990); *McKinney v. Nat'l Union Fire Ins. Co.,* 772 S.W.2d 72 (Tex. 1989); *Clark v. Trailways, Inc.,* 774 S.W.2d 644 (Tex.1989); *Boothe v. Hausler,* 766 S.W.2d 788, 789 (Tex.1989); *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394 (Tex.1989); *E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363 (Tex.1987); *Gutierrez v. Dallas Indep. School Dist.,* 729 S.W.2d 691 (Tex.1987); *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986); *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.,* 701 S.W.2d 243 (Tex.1985).

and $7,500 in the event of an appeal to this Court.

The court of appeals held that the trial court erred in allowing the testimony of the Bank's attorney, but did not err in allowing the testimony of the attorney who was deposed just prior to trial. 761 S.W.2d 141. The court concluded that there was good cause to admit the testimony of the latter witness because it came as no surprise to Sharp and Ludlum. The court summarized:

> We find no unfairness or ambush in allowing the testimony of a witness who was deposed and cross-examined by both parties a week before trial simply because the opposing party only received a 26 instead of a 30 day notice.

761 S.W.2d at 146. Finding the admissible evidence of the one witness sufficient to support the trial court's award of attorney fees, the court of appeals affirmed that court's judgment.

A party has an affirmative duty to identify expert witnesses in response to an appropriate inquiry. Tex.R.Civ.P. 166b.6.-b.[2] The responding party must supplement its list of experts "as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court." *Id.* The sanction for failing to comply with this rule is the automatic exclusion of the unidentified witness' testimony. Tex.R.Civ.P. 215.5; *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex. 1986). However, if the trial court finds that the party offering the testimony had good cause for failing to supplement, it may, in its discretion, admit the testimony. Tex.R.Civ.P. 215.5; *Boothe v. Hausler,* 766 S.W.2d 788, 789 (Tex.1989). The party offering the testimony has the burden of showing good cause for its failure to supplement. *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 395 (Tex.1989); *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.,* 701 S.W.2d 243, 246 (Tex.1985).[3]

The trial court in this case made no specific finding of good cause. The court of appeals concluded from the totality of the record that good cause was shown because Sharp and Ludlum were not surprised. Counsel for the Bank attempted to show good cause by arguing that he had orally identified his attorney fee experts more than once in advance of trial, that opposing counsel knew the only trial issue was attorney fees, that opposing counsel waived any objection by appearing at the deposition a week before trial, that he was never reminded to supplement his answers, and that his failure to do so was inadvertent. Assuming that all these explanations are true, they are insufficient to establish good cause for the admission of the testimony of a witness not properly identified in discovery.

 The absence of surprise, unfairness, or ambush does not alone satisfy the good cause exception to the sanction of automatic exclusion. *Morrow,* 714 S.W.2d at 298. Identification of witnesses in response to discovery must be in writing; oral notice is not proper. *See* Tex.R.Civ.P. 168.5. This avoids the inevitable disputes over who said what when. The fact that a witness' identity is known to all parties is not itself good cause for failing to supplement discovery. A party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory. Thus, even the fact that a witness has been fully deposed, and only his or her deposition testimony will be offered at trial, is not enough to show good cause for admitting the evidence when the witness was not identified in response to discovery. Objection to the offer of the deposition at trial is sufficient to preserve error. *See Clark,* 774 S.W.2d at 647. The fact that a witness will testify only about attorney fees does not excuse proper identification in discovery. *E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363, 364 (Tex. 1987). Further, a party has no duty to

---

**2.** The applicable part of Rule 166b, numbered paragraph 5 at the time of the trial of this case, has since been renumbered as paragraph 6.

**3.** This allocation of the burden of showing good cause, first made by *Yeldell,* is now also contained by Tex.R.Civ.P. 215.5.

remind another party to abide by the Rules of Civil Procedure. Inadvertence of counsel is also not good cause. *Id.* In sum, the Bank's explanations, individually and altogether, do not show good cause for its failure to identify its expert witnesses in response to proper discovery requests.

The award of attorney fees was based entirely on testimony which should not have been admitted, and when that testimony is excluded, the award cannot stand. Because the court of appeals opinion directly conflicts with our opinions in *Morrow* and *Boothe*, a majority of the Court grants Sharp and Ludlum's[4] application for writ of error pursuant to Rule 133(b) of the Texas Rules of Appellate Procedure, and without hearing oral argument, modifies the judgment of the court of appeals so that the Bank take nothing from Sharp and Ludlum for its attorney fees claim. As modified, the judgment of the court of appeals is affirmed.

---

**4.** Petitioner Fowler's application for writ of error is denied. Because he did not complain of the attorney fee award on appeal to this Court, the judgment against him stands.