**NCL STUDS, INC., Appellant,**

v.

**Judith JANDL, Appellee.**

**No. 01–89–00643–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 31, 1990.

Rehearing Denied July 19, 1990.

William D. Weber, Houston, for appellant.

Chris A. Stacy, Houston, for appellee.

Before SAM BASS, HUGHES and O'CONNOR, JJ.

OPINION

O'CONNOR, Justice.

This is a suit on promissory notes and guarantees. After a non-jury trial, the trial court rendered judgment for defendant

and filed findings of fact and conclusions of law. We reverse and remand.

In 1986, Judith Jandl, defendant, was president of Lone Star Screw Company, a manufacturer and distributor of fasteners. Lone Star Screw regularly purchased steel studs from NCL Studs, Inc. (NCL), plaintiff. When Lone Star Screw became delinquent in paying its invoices, NCL wanted to consolidate the debt, arrange for regular payment, and get a personal guarantee for the payment. NCL drafted 12 promissory notes, with guarantees, for the signatures of Jandl and Patricia Runnells.[1] Jandl and Runnells signed the notes and the guarantees. Lone Star Screw made some payments on the notes. Before the notes were paid, however, Lone Star Screw declared bankruptcy.

In 1987, NCL sued Jandl, alleging that she was personally obligated to pay the amount due under the promissory notes. Jandl filed a verified answer denying she signed the guarantees in her individual capacity. Instead, she said she signed the guarantees in a representative capacity as president of Lone Star Screw.

During discovery, NCL sent interrogatories to Jandl. In interrogatory 14, NCL asked her to identify persons she intended to call as witnesses for trial.[2] Jandl did not object to the interrogatory. Jandl answered interrogatory 14: "unknown at this time." Jandl did not supplement the answer.

Two days before trial, at a pre-trial conference, Jandl told NCL that she intended to testify and planned to call Patricia Runnells as a witness. At trial, NCL moved to exclude the testimony of both defense witnesses because Jandl had not listed them in response to interrogatory 14. The trial court permitted both Jandl and Runnells to testify, and made a finding that Jandl had shown good cause for not formally designating witnesses for trial.

## I. The unidentified witnesses

In point of error one, NCL asserts the trial court erred in concluding there was good cause to permit Jandl to testify. In points of error two and three, NCL asserts the trial court erred in concluding there was good cause to permit any of Jandl's witnesses (Jandl and Runnells) to testify. NCL argues that because Jandl did not identify herself or Runnells as witnesses in response to interrogatories, it was reversible error for the court to permit them to testify.

### A. The standard of review

■ If a party does not identify its witnesses in response to interrogatories, the trial court should automatically exclude that party's witnesses from testifying. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297 (Tex.1986). There is an exception. If the trial court finds that the party offering the unidentified witness shows good cause for not listing the witness, the trial court may allow the witness to testify. *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 395 (Tex.1989); *Morrow,* 714 S.W.2d at 298. The burden of showing good cause is on the party offering the unidentified witness. *Gee,* 765 S.W.2d at 395. The trial court's evaluation of a party's good cause for not listing the witness, is a discretionary decision. *Morrow,* 714 S.W.2d at 298. If the party offering the unidentified witness does not prove good cause for failing to list the witness, it is error for the trial court to permit the witness to testify. *Id.*

■ On appeal, when the trial court permits an unidentified witness to testify, we first review the record to determine if the party made a showing of good cause. If the party showed good cause for not listing the witness, we sustain the trial court's ruling. If, however, we determine that the party did not show good cause, we review the record to determine if the error in

---

1. Runnells was secretary and treasurer of Lone Star Screw Company.

2. A correct interrogatory requests the names of witnesses "with knowledge of relevant facts." *Gutierrez v. Dallas Indep. School Dist.,* 729 S.W.2d 691, 693 (Tex.1987). When an interrogatory asks for names of witnesses who will testify, and a party does not object to the form of the question, the party is bound to answer the question as asked. *Id.*

permitting the unidentified witness probably caused the rendition of an improper judgment. *Gee,* 765 S.W.2d at 396; TEX.R. APP.P. 81(b)(1).

In the recent case of *Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669 (Tex.1990), the trial court permitted the bank to introduce the testimony of two unidentified witnesses. Before trial, the parties took the depositions of the two witnesses, and the bank orally identified them as its witnesses. In the supreme court, the bank argued that its opponents knew it was going to offer testimony of the two witnesses and knew what their testimony would be. The supreme court rejected the bank's arguments:

> The absence of surprise, unfairness, or ambush does not alone satisfy the good cause exception to the sanction of automatic exclusion.

*Sharp,* 784 S.W.2d at 671. The court held the unidentified witnesses should not have testified.

B. *The trial court's findings*

Here, the trial court announced it found good cause to allow the testimony of Jandl and Runnells, because: (1) Jandl's attorney did not have access to the pleadings and discovery until two weeks before trial; (2) Jandl identified the witnesses at the pre-trial conference; and (3) if mistaken as to good cause, Jandl's informal identification of witnesses was in substantial compliance with rule 166b(6), TEX.R.CIV.P.

Additionally, in its conclusions of law, the trial court found there was good cause to allow the testimony of Jandl (not Runnells) because: (1) Jandl identified herself in the interrogatories as a person with knowledge of relevant facts; (2) Jandl was a signatory to the instrument in question; (3) Jandl was a party; and (4) Jandl's attorney orally informed NCL that she would testify.

1. New counsel

■ In *Williams v. Union Carbide Corp.,* 734 S.W.2d 699, 701 (Tex.App.— Houston [1st Dist.] 1987, writ ref'd n.r.e.), this Court held that the attorney's lack of knowledge is not enough to establish good cause. We stated that it is the party's burden, not the attorney's, to answer and supplement interrogatories. *Id.* Even though the attorney does not know of potential witnesses, the party has that information. *Id.; see also Walsh v. Mullane,* 725 S.W.2d 263, 264 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (the attorney's excuse, that he had not met the witness until the day of trial, was not good cause). Following our holdings in *Williams* and *Walsh,* we find that defense counsel's late entry into the case was not good cause to permit either Jandl or Runnells to testify.

2. Pretrial conference designation

■ The trial court found that the identification of witnesses two days before trial was adequate. We disagree. Following the supreme court's holding in *Sharp,* the designation of witnesses before the trial started did not satisfy the requirement to identify witnesses. 784 S.W.2d at 671. We find that the designation of witnesses at the pre-trial conference two days before trial was not good cause to permit either Jandl or Runnells to testify.

3. Oral designation

■ The trial court found that the oral identification of witnesses before trial complied with rule 166b(6). We disagree. Following the supreme court's holding in *Sharp,* the oral designation before trial does not satisfy the requirement to list witnesses. *Sharp,* 784 S.W.2d at 671. We find that the oral designation of witnesses was not good cause to permit either Jandl or Runnells to testify.

4. Answer to interrogatory

■ The trial court found that in response to interrogatory number 11, Jandl identified herself as a witness who had knowledge of relevant facts. We disagree. That interrogatory and Jandl's answer state:

> 11. For each response contained in the first Set of Request for Admissions to you, not unequivocally admitted by you, please stated [sic] the basis and sub-

stance of your answer, clarification, or denial, including all facts supporting the basis of your response including, but not limited to:

(a) the identity (as that term is defined herein) of persons having facts supporting your answer:

[Answer] Judith Jandl.

The interrogatory asked Jandl for the names of persons who could support any of her denials of the requests for admissions. In response, Jandl merely named herself as a person who had facts to support her answers to the requests for admissions. The interrogatory did not ask for names of persons with knowledge of relevant facts.

Jandl did not respond to the interrogatory number 14, that asked her to identify witnesses she planned to call to testify at trial. We find that the answer to interrogatory number 11 did not excuse the listing of Jandl as a witness in response to interrogatory number 14.

### 5. Signatory of the instrument

■ The trial court found that Jandl, as a signatory to the instrument, could testify even though she was not identified as a witness in response to the interrogatory. We know of no exception in the rule, or one established by case law, that permits a witness to testify if the witness signed the document subject to the litigation. As an intermediate court, we have no authority to create one. We find that Jandl's status as a signatory to the instrument was not good cause to permit Jandl to testify.

### 6. Unidentified party witness

■ The trial court found that Jandl, as a party, could testify even though she was not identified as a witness in response to the interrogatory. This Court recently held in *Henry S. Miller Co., v. Bynum*, No. 01-88-00926-CV (Tex.App.—Houston [1st. Dist.] Mar. 8, 1990, n.w.h.) (not yet reported), that when a party fails to identify himself as a witness, he may testify even if he cannot show good cause. In

*Miller*, Bynum's attorney gave two reasons for not designating Bynum as a witness in answers to interrogatories: (1) Bynum's deposition had been taken; and (2) the attorney forgot. Because Bynum was a party, the trial court permitted him to testify as a fact witness. We affirmed the ruling, holding that the trial court did not err in permitting the "principal party" to testify as a fact witness.

Following *Miller*, we find that Jandl's status as a party to the suit, was good cause to permit Jandl to testify as an unlisted witness.[3]

We overrule points of error one, two, and three as to the party Jandl.

### 7. Unidentified non-party witness

■ We must now determine whether it was error to permit Runnells, the non-party witness, to testify. In our review of the trial court's findings and the law on unidentified witnesses, we do not find there was good cause to permit Runnells to testify. It was, therefore, error for the trial court to permit her to testify. Following the instructions in *Gee*, we now look to the record to see if her testimony was material, or merely cumulative. 765 S.W.2d at 396; *Williams*, 734 S.W.2d at 701.

NCL proved that the sole purpose of the promissory notes was to secure personal guarantees from a source other than the corporation. Both Jandl and Runnells testified they signed the notes and the guarantees in their representative capacity. They both testified they did not intend to personally guarantee the notes. Jandl testified that Thomas Cameron, NCL's former general manager, told her she was guaranteeing the notes "on behalf of the company." On this record, Runnell's testimony was cumulative of Jandl's; thus, it was not material. The error, therefore, was not harmful.

We overrule points of error two and three as to the witness Runnell.

**3.** As the author of the dissent in *Miller*, I do not believe there is an exception to the unidentified witness rule for parties. *Miller*, however, is precedent in this Court, and I feel compelled to follow it.

## II. Personal guarantee

In point of error four, NCL asserts the trial court erred in concluding that the guarantee agreements were not the personal debt of Jandl. In a non-jury appeal when we have findings of fact, conclusions of law, and the statement of facts, as we do here, we review the findings of fact to determine if they have support in the record. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). If the evidence supports the findings of fact, we then review the conclusions of law to determine if they are correct. *Id.*

Each promissory note was printed with a guarantee on the back. On the note side of the instrument there were three lines under the terms of the instrument. On the first line, Jandl, in her own handwriting, inserted the name of the corporation. On the second line, which started with the word "by," Jandl signed her name. Just under the line for her signature, was her title, typed as "Pres.–Vice Pres." On the third line, Patricia Runnells signed as "Secty.–Treas."

The back of the notes contained the following guarantee:

> For Value Received the undersigned and *each of them* hereby forever waives presentment, demand, protest and notice of dishonor of the within note and the undersigned and *each of them guarantees the payment of said note* at maturity and consents without notice to any and all extensions or time or terms of payment made by holder of said note.
>
> By /s/ Judith C. Jandl, Pres
> Pres.–Vice Pres.
> /s/ Patricia Runnells
> Secty.–Treas.

(Emphasis added). The name of the corporation does not appear on the guarantee side of the instrument.

The trial court made almost identical declarations for its finding of fact and conclusion of law on the guarantees. As a fact finding, the trial court found the instruments executed by Jandl were executed in her corporate, not individual, capacity.

The trial court concluded that the guarantee was not personal.

NCL argues that if we construe the language in the guarantee to mean that the corporation was guaranteeing its own debt, the guarantee would be completely meaningless. NCL also contends that the words "undersigned" and "each of them" prove that the two individuals signing the documents were agreeing to be personally bound by the guarantee. We agree.

The Texas Business and Commerce Code states:

> (b) An authorized representative who signs his own name to an instrument ... (2) except as otherwise established between the immediate parties, *is personally obligated* if the instrument names the person represented but does not show that the representative signed in a representative capacity, or *if the instrument does not name the person represented but does show that the representative signed in a representative capacity.*

Tex.Bus. & Com.Code Ann. § 3.403(b)(2) (Vernon 1968) (emphasis added).

The courts have strictly interpreted section 3.403. In *Griffin v. Ellinger*, 538 S.W.2d 97, 100 (Tex.1976), the court held that Griffin did not sign in a representative capacity because the instrument did not identify the corporation or Griffin's office in the corporation. In *Duda & Sons, Inc. v. Madera*, 687 S.W.2d 83, 85 (Tex.App.—Houston [1st Dist.] 1985, no writ), this Court held that Madera's signature on a promissory note, preceded by the company name and the word "by," did not prove Madera signed in a representative capacity. We reached this conclusion because Madera's office was not disclosed on the face of the instrument.

In this case, the name of the corporation, Lone Star Screw, was on the note side of the instrument. The name of the corporation was not, however, on the guarantee side. Because the guarantee does not have the name of the corporation on its face, we hold Jandl signed in her personal capacity. Thus, the trial court should not have considered extrinsic evidence. *Madera*, 687

S.W.2d at 85. We sustain point of error four.

We reverse and remand the judgment with instructions to the trial court that: (1) appellee, Judith Jandl, is individually liable for the balance due on the promissory notes; (2) a hearing shall be held to determine the amount due on the promissory notes, pre-judgment and post-judgment interest, and reasonable attorney's fees to be awarded to NCL Studs, Inc., appellant.