**Arnold T. SMITH, Appellant,**

v.

**SOUTHWEST FEED YARDS, LTD., Appellee.**

**No. 07–90–0047–CV.**

Court of Appeals of Texas, Amarillo.

June 18, 1991.

Rehearing Overruled Aug. 6, 1991.

J. Christopher Byrd, Tulsa, Okl., for appellant.

Rex W. Easterwood, Hereford, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

REYNOLDS, Chief Justice.

By this appeal, we are required to determine whether, and we hold that, the trial court correctly excluded a party's testimony when, without good cause, he was not disclosed as a witness in response to a discovery interrogatory. Affirmed.

Southwest Feed Yards, Ltd. (Southwest) sued Arnold T. Smith (Smith) to recover upon an open account for custom feeding Smith's cattle. In answering Southwest's interrogatory, authorized by rule 166b, paragraph 2(d), Texas Rules of Civil Procedure,[1] requesting the name and address of each person, including experts, having any knowledge or relevant facts related to the account, Smith did not list his name among those he identified. Nor did he supplement his answer at least thirty days prior to trial to identify himself. *See* rule 166b, paragraph 6. However, seven days before trial and in compliance with the court's pretrial order, Smith did notice his intent to appear as a witness.

■ Upon Smith's attempt to testify, Southwest objected on the ground that he had not been listed in the original answer or in any update to the written interrogatories and request for production. The objection was grounded upon paragraph 5 of rule 215, which provides that:

> **5. Failure to Respond to or Supplement Discovery.** A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party

---

1. All rules cited are the Texas Rules of Civil Procedure.

was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

In this connection, the sanction for failure to comply with the rule is the automatic exclusion of the unidentified witness' testimony. *Sharp v. Broadway Nat. Bank*, 784 S.W.2d 669, 671 (Tex.1990).

Smith argued for admission of his testimony on two theories. First, he contended he showed a good cause exception to rule 215, paragraph 5 in that there would be no surprise to the other side because of his compliance with the pretrial order; that he had knowledge of facts relevant to the case; and that the interrogatory had been answered in the belief that it pertained to people "in addition to the defendant." Second, he contended that, as the defendant, he had an absolute right to testify.

The trial court found that, even though Smith had complied with the pretrial orders and Southwest could not claim surprise, the omission of his name in response to the interrogatory, which was not supplemented at least thirty days before trial, was cause for exclusion of his proffered testimony. Smith timely preserved his testimony by a bill of exception.

The jury returned a verdict for Southwest, which was accepted by the trial court. The court rendered judgment accordingly, from which Smith has perfected this appeal.

By two points of error, Smith contends the trial court (1) abused its discretion by excluding his testimony because he demonstrated good cause for its admission, and (2) erred in excluding his testimony because, as a matter of law, he had the right to testify in his own defense. The points will be addressed in inverse order.

■ Smith represents that notwithstanding his failure to list himself as a person with knowledge of relevant facts, he, as a party to the action, had an absolute right to testify in his own behalf. Both Smith and Southwest submit that there is no Texas appellate decision speaking to the question whether a party, generally presumed to have knowledge of relevant facts, is or is not precluded from testifying if he is not identified as a potential witness in response to a proper discovery interrogatory. Consequently, each relies on authorities from other states to support their respective positions that a party is not bound by, or is subject to, rule 166b, paragraph 2(d). However, we are not persuaded to rely on out-of-state authorities for two reasons.

First, none of the opinions in the cited out-of-state authorities reveals that the decisions were made with reference to a pretrial discovery method corresponding to the Texas rules of discovery, which were designed as a comprehensive system for pretrial discovery of evidentiary facts relating to a controversy. 2 R. McDonald, Texas Civil Practice in District and County Courts § 10.02 (rev. 1982). Indeed, when rule 215 was promulgated to authorize sanctions for abuse of discovery, the rule not only extended beyond prior Texas practice, but beyond then current federal practice. Kilgarlin and Jackson, *Sanctions for Discovery Abuse Under New Rule 215*, 15 St. Mary's L.J. 767, 769 (1984).

Second, one Texas intermediate appellate court has twice answered the question, each time agreeing with Smith's view. In *Henry S. Miller Co. v. Bynum*, 797 S.W.2d 51 (Tex.App.—Houston [1st Dist.] 1990 writ granted), the principal party plaintiff, Bynum, whose deposition had been taken, was not listed in response to an interrogatory requesting the name, address, and telephone number of persons who had knowledge of facts that were relevant to the issues in the suit. Over the objection that Bynum had not been listed in the response, the trial court permitted Bynum to testify as a fact witness, but not as an expert witness. In passing on the question, a majority of the three-justice panel, stating that a finding of "good cause" was implicit in the trial court's ruling, found no abuse of discretion by the trial court, rea-

soning that "it was quite obvious to all concerned that Bynum was a 'potential' party witness who had 'knowledge of relevant facts.' He was the principal party plaintiff and an extensive deposition had been taken of him concerning the claims he asserted against Miller in the suit." At 58.

Shortly thereafter, the appellate court reached the same decision in *NCL Studs, Inc. v. Jandl,* 792 S.W.2d 182 (Tex.App.— Houston [1st Dist.] 1990, writ denied). In *Jandl,* NCL Studs, Inc. sought to hold Jandl personally liable on promissory notes, with guarantees, she had signed. The trial court found that Jandl could testify even though she was not identified as a witness in response to an interrogatory asking her to identify the witnesses she planned to call to testify at the trial. On appeal from a judgment rendered for Jandl, NCL Studs, Inc. challenged the allowance of Jandl's testimony. The dissenting justice in *Bynum,* who expressed the belief that there is no exception to the unidentified witness rule for parties, but who felt compelled to follow the precedent of *Bynum,*[2] held for a different three-justice panel that Jandl's status as a party to the suit was good cause to permit her to testify as an unlisted witness. *Id.* at 186.

In both the *Bynum* and *Jandl* courts' affirmance of the admission of a party's testimony for good cause there is, whether intended or not, the unwritten ruling that a party is not exempt from the disclosure required by rule 166b, paragraph 2(d). Otherwise, there would have been no need to reach the question of good cause.

Nevertheless, on the rationale now expressed, we disagree with the First Court's holding in *Bynum* and *Jandl* and decline to follow it. In doing so, we observe, more briefly than did the dissent in *Bynum,* that the majority's reasoning for admitting Bynum's testimony has not passed the good cause test, for good cause is not demonstrated by merely showing that the identity of the potential witness was known to all parties, or that the witness' deposition had been taken, *Sharp v. Broadway Nat. Bank,* 784 S.W.2d at 671, or that the witness possessed peculiar knowledge of relevant facts. *Clark v. Trailways, Inc.,* 774 S.W.2d 644, 646 (Tex.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1122, 107 L.Ed.2d 1028 (1990). Moreover, we consider the "writ denied" in *Jandl* to be of no moment; it cannot denote the Supreme Court's affirmance of the holding, because Jandl, having been adjudged personally liable on the promissory notes by the appellate court, would not have raised the question in her application for writ of error.

Pretrial discovery proceedings have as their aim and purpose the administration of justice by allowing the parties to obtain the fullest knowledge of issues and facts prior to trial, *West v. Solito,* 563 S.W.2d 240, 243 (Tex.1978), "so that disputes may be decided by what the facts reveal, not by what facts are concealed." *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984). To this end, rule 166b, paragraph 2(d) provides that a party may obtain discovery of any potential party and of persons having knowledge of relevant facts.[3] The rule enforces a party's right "to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory." *Sharp v. Broadway Nat. Bank,* 784 S.W.2d at 671.

Significantly, rule 166b, paragraph 2(d) itself does not exempt an actual party to the litigation from its scope, and rule 215, paragraph 5 does not provide that party status is good cause to excuse disclosure. If either an exemption from disclosure or good cause for nondisclosure were intended for one who is a party, it could, and surely would, have been stated in the rule(s). Absent a manifestation of that intent, it is certain that enforcing the parties' compliance with the rules of discovery serves to

---

2. 792 S.W.2d at 186 n. 3.

3. The rule, albeit sometimes used to request the identity of witnesses, was not designed to require the disclosure of witnesses. *Gutierrez v. Dallas Independent School Dist.,* 729 S.W.2d 691, 693 (Tex.1987) (citing *Employers Mut. Liability Ins. Co. of Wis. v. Butler,* 511 S.W.2d 323, 324–25 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.).

obtain the proper objective of the rules of civil procedure, *i.e.*, "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." Rule 1.

Still, not exempting a party from compliance with the discovery rules may seem, at first light, illogical in view of the reasonable presumption that a party has some, if not peculiar, knowledge of relevant facts. Yet, to exempt a party on that basis would no less frustrate a party's right to prepare for trial assured that no unidentified person will be called as a witness than would, it has been held, accepting the claim that possession of peculiar knowledge is good cause to excuse disclosure of any other unidentified witness. *Clark v. Trailways, Inc.*, 774 S.W.2d at 646. As noted, even a prospective witness who has been deposed prior to trial, thereby disclosing his knowledge of relevant facts, must nonetheless be identified in response to a proper interrogatory if his testimony is to be admitted. *Alvarado v. Farah Manufacturing Company, Inc.*, 34 Tex.Sup.Ct.J. 107, 109 (Nov. 21, 1990).

Perhaps more compelling for subjecting a party to compliance with the discovery rules is the frequency of multi-party actions, *see, e.g., Taylor v. Shelton*, 772 S.W.2d 281, 282 n. 1, n. 2 (Tex.App.—Amarillo 1989, writ denied), and class actions involving numerous, even thousands, of parties. *See, e.g., Gray v. Moore*, 172 S.W.2d 746, 747 (Tex.Civ.App.—Amarillo 1943, writ ref'd w.o.m.). To exempt such parties from compliance would negate the purpose of discovery, since only consistent adherence to the discovery rules will promote responsible assessment of settlement and assure a full and fair trial of the issues. *Alvarado v. Farah Manufacturing Company, Inc.*, 34 Tex.Sup.Ct.J. at 109.

▮ Then, given the purpose and intended result of the discovery rules, we have no hesitancy in holding that a party to an action is, like any other person with knowledge of relevant facts, required to be identified in response to a proper discovery interrogatory, and is subject to the sanction of rule 215, paragraph 5 for the failure to comply with the discovery process, unless the party shows good cause for noncompliance. Therefore, the trial court did not err in refusing to allow Smith's testimony merely because he was a party to the suit. The second point of error is overruled.

▮ Separately, Smith further represents that he established good cause for his failure to list himself as a person with knowledge of facts relative to the action for these reasons: (1) Southwest knew, and the trial court apparently conceded, that he had knowledge of relevant facts; (2) Southwest was not taken by surprise; (3) it was his counsel's understanding that the interrogatory sought the identities of persons other than himself; and (4) Southwest and the court recognized that his counsel had provided written notice several days before trial of his intent to be a witness. However, the reasons advanced have been previously considered in other decisions and have been held, both singularly and collectively, not to qualify as the good cause contemplated by rule 215, paragraph 5. *Sharp v. Broadway Nat. Bank*, 784 S.W.2d at 671–72. Absent a showing of good cause, the trial court had no discretion to admit Smith's testimony. *Alvarado v. Farah Manufacturing Company, Inc.*, 34 Tex.Sup.Ct.J. at 109.

Thus, acting with reference to the guiding rules and principles, the trial court did not abuse its discretion in finding that Smith did not show good cause for allowing his own testimony. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). The first point of error is overruled.

The judgment is affirmed.

DODSON, J., dissents.

DODSON, Justice, dissenting.

I respectfully dissent. I would sustain Smith's second point of error, reverse the trial court's judgment and remand the cause to the trial court.

By his second point of error, Smith contends the trial court erred, as a matter of law, in refusing to allow him to testify in his own defense. I agree.

The majority points out that the Houston Court of Appeals for the First District has

twice considered whether a party who has not responded to interrogatories or supplemented discovery responses should be allowed to present evidence in his own behalf. *See Henry S. Miller Co. v. Bynum,* 797 S.W.2d 51 (Tex.App.—Houston [1st Dist.] 1990, writ granted); *NCL Studs, Inc. v. Jandl,* 792 S.W.2d 182 (Tex.App.—Houston [1st Dist.] 1990, writ denied). In each instance, the court determined the party had shown good cause, and the trial court did not err in permitting the party's testimony.

Those cases do not control here. In the case before us, Smith complied with Southwest's discovery request; therefore, the trial court erred by invoking Rule 215[1] sanctions against Smith.

Southwest initiated this action in May 1988. After filing, Southwest forwarded interrogatories to Smith. In August 1988, Smith answered the interrogatories.

Rule 166b, paragraph 2(d) of the Texas Rules of Civil Procedure provides:

*A party may obtain discovery of the identity and location* (name, address and telephone number) *of any potential party and of persons having knowledge of relevant facts.* A person has knowledge of relevant facts when he or she has or may have knowledge of any discoverable matter. The information need not be admissible in order to satisfy the requirements of this subsection and personal knowledge is not required. (Emphasis added.)

By this provision, a party may *discover* the identity and location of a potential party and of persons having knowledge of relevant facts.

Southwest's interrogatories and Smith's answers read as follows:

*INTERROGATORY NO. 1:* Please state your full name, address and present employment:

*ANSWER:* Arnold Thomas Smith

126 Quince, Hereford, Texas 79045

Self-employed, cattle buyer

*INTERROGATORY NO. 2:* State your date of birth, driver's license number, social security number, and what other names you have gone by during your lifetime.

*ANSWER:* DOB: November 2, 1932
DL#: 08877635, Texas
SS#: 449–56–0361
Arnold T. Smith

*INTERROGATORY NO. 3:* Describe any criminal record you may have, including the nature of the charge, date and place of arrest, and conviction, if any.

*ANSWER:* NONE

*INTERROGATORY NO. 4:* Describe in detail any conversations you have had with the Plaintiff or plaintiff's representative concerning this account.

*ANSWER:* 1. During October, 1988, I asked Wayne Chastain to discuss the account to straighten out the bill.

2. The next conference was at lunch with Wayne Chastain after receipt of demand letter. The conversation concerned my position which was well received. Mr. Chastain agreed to check out my explanation of the account.

*INTERROGATORY NO. 5:* State the name and address of each person, including experts, having any knowledge of relevant facts related to the account which is the basis of this suit.

*ANSWER:* 1. Bookkeeper, Pam McCormick, Hereford, Texas

2. Manager, Wayne Chastain, Canyon, Texas

*INTERROGATORY NO. 6:* State the name and address of any potential party to this lawsuit, not already a party hereto.

*ANSWER:* NONE

*INTERROGATORY NO. 7:* State the name, address and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert expects to testify, and attach a

---

**1.** All rules cited are the Texas Rules of Civil Procedure.

copy of any report, including factual observations and opinions, which has been prepared by any such expert.

*ANSWER:* NONE

*INTERROGATORY NO. 8:* State fully the factual basis of each defense which you now assert or will assert in this cause.

*ANSWER:* Proper offsets and credits have not been applied to my statement.

*INTERROGATORY NO. 9:* If you will do so without a motion to produce, attach to your answers to these interrogatories a copy of each document, writing, paper, or letter which you intend to use as a basis for any defense in this action. If you will not do so without a motion to produce, then state at length and verbatim the contents of each such document, writing, paper, or letter.

*ANSWER:* Copies of checks and bank notes, concerning my cattle trading. The majority of records pertaining to this suit are in Plaintiff's possession.

I note that Southwest neither asked for, nor, under the rules was entitled to, a witness list. However, under a pretrial order, Smith provided a list of all of his witnesses to Southwest seven days before trial. Smith's name was on the list he gave Southwest. By the above interrogatories, Southwest asked for, among other things, the name and address of any person having any knowledge of relevant facts. Even assuming arguendo that when Southwest served the interrogatories it did not know that Smith had knowledge of relevant facts, Smith's answers disclosed that he did have knowledge of the relevant facts. Thus, Southwest received from Smith all the information it requested or to which it was entitled.

Nevertheless, Southwest's position is that Smith's name had to be listed in response to interrogatory number 5 before he could testify in his own defense. The majority has adopted that position. I am unwilling to give that restrictive interpretation to the Rules of Civil Procedure as applied to Smith's answers to Southwest's interrogatories.

I am not persuaded that the objectives of Rules of Civil Procedure, particularly discovery rules, authorize or compel a strict interpretation. To the contrary, Rule 1 states:

The *proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants* under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, *these rules shall be given a liberal construction.* (Emphasis added.)

The commentary to this rule relates that "the prime consideration in making, and in the administration of, any set of modern procedural rules is *function* not *method,* that *method* shall be the *servant, function* the master. . . . No mere rule of procedural form or courtesy should be allowed to delay or *control* the disposition of the litigation upon its *merits.*" (Emphasis added.)

Texas courts have consistently held that the primary purpose of the Rules of Civil Procedure is to dispose of cases on the merits. *Texas Employment Commission v. Stewart Oil Co.,* 153 Tex. 247, 267 S.W.2d 137 (1954). In *Red River Valley Pub. Co. v. Bridges,* 254 S.W.2d 854, 861 (Tex.Civ.App.—Dallas 1952), the court pointed out that "[t]he new Rules (i.e., the Rules of Civil Procedure adopted by the Texas Supreme Court in 1941) were adopted to eliminate, within reason, pure technicalities, not to perpetuate old ones." More recently, our Supreme Court instructed, in *Jampole v. Touchy,* 673 S.W.2d 569, 573 (Tex.1984), "that the ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what is revealed, not by what facts are concealed."

When Smith attempted to testify in his own defense, Southwest objected that, because Smith's name was not listed in response to interrogatory number 5, Smith should not be allowed to testify. In response, Smith asserted that he thought the interrogatory asked for persons other than

himself. I agree, and the interrogatory sequence supports that interpretation.

Here, Smith did not conceal facts. Instead, he responded directly and rationally to Southwest's interrogatories. His answers divulged the information sought. The purpose of the discovery rules is to encourage full discovery prior to trial and to prevent trial by ambush. *Gee v. Liberty Mutual Fire Insurance Co.*, 765 S.W.2d 394 (Tex.1989). Realistically, I cannot say that Smith's answers ambushed Southwest. If anyone was ambushed here, it was Smith. In that regard, I note that Southwest made no complaint in this Court or the trial court concerning any inadequacy in Smith's answers to any of the interrogatories. I am persuaded that Southwest received exactly what it asked for by the interrogatory. Smith concealed nothing. Applying a liberal interpretation of the Rules of Civil Procedure to Smith's answers, I conclude the trial court erroneously denied him the right to testify in his own behalf.

Furthermore, I disagree with Southwest's position that Smith had a duty to supplement his answers to the interrogatories not less than thirty days before trial. Rule 166b, paragraph 6(a) provides:

a. A party is under a duty to reasonably supplement his response if he obtains information upon the basis of which:

(1) he knows that the response was incorrect or incomplete when made;

(2) he knows that the response though correct and complete when made is no longer true and complete and the circumstances are such that failure to amend the answer is in substance misleading[.]

I find nothing in the record to show that Smith obtained additional information from which he knew that his original response was incorrect or incomplete, or that he knew that his original response, though correct and complete when made, was no longer true and complete and that his failure to amend his answers was misleading. Furthermore, I am unconvinced that Smith's failure to redundantly list his name, address and telephone number in response to interrogatory number 5 makes his response to Southwest's interrogatories incomplete, incorrect or misleading.

Moreover, even if we assume arguendo that Smith had a duty to supplement, then the record shows sufficient supplementation. In this regard, the record shows that Smith filed an affidavit in support of his opposition to Southwest's motion for summary judgment.

In the affidavit, Smith declared personal knowledge of the following facts, among others: (1) monies which he tendered to Southwest were not applied to lot 3686, but elsewhere, without his consent or knowledge; (2) his account was overcharged for hay; (3) a check for $2,825.84 was not credited to his account; (4) Southwest shipped a pen of cattle short one steer worth approximately $750.00, because of the alleged unpaid feed bill; (5) he neither received, nor was his account credited with, his last paycheck and annual bonus; (6) while working at Southwest, he became aware that the bookkeeper's records did not agree with the general ledger, and many times the bookkeeper would simply write off the difference; (7) often, the bookkeeper applied credits improperly and to the wrong feed bills; (8) there were many unexplained delays in applying credit; and (9) he was not credited with a check for twenty to thirty thousand dollars which he co-endorsed.

The affidavit, filed almost four months before trial, clearly showed Smith to be a person having relevant knowledge. The Rules of Civil Procedure do not specify the form of the supplementation required by Rule 166b, paragraph 6(a). Only a narrow construction of the rules allows the conclusion that the affidavit does not satisfy the supplementation requirement. Thus, when I follow the liberal construction dictated by Rule 1, I conclude that the affidavit satisfied the requirement.

Also, I conclude that the trial court erred by invoking sanctions against Smith under Rule 215. That rule provides, in pertinent part, as follows:

A party who fails to respond to or supplement his response to a request for

discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

Sanctions must be predicated on a party's failure to respond or to supplement his response. Since Smith complied with the discovery request, the court should not have invoked sanctions.

I would sustain Smith's second point of error, reverse the trial court's judgment, and remand the case.