**Belinda Moore ROGERS, Appellant,**

v.

**Robert STELL and Mary Stell, Appellees.**

**No. 05–91–00636–CV.**

Court of Appeals of Texas, Dallas.

Feb. 20, 1992.

Rehearing Denied March 24, 1992.

F. David Westfall, Dallas, for appellant.

James L. Williams, Dallas, for appellees.

Before BAKER, THOMAS and BURNETT, JJ.

OPINION

BURNETT, Justice.

Belinda Moore Rogers appeals a judgment entered against her for property damage to the Stells' car. In four points of error, Rogers contends that the trial court erred in failing to grant her motion for instructed verdict and in not allowing her to testify. We overrule Rogers's points of

error. We affirm the trial court's judgment.

## PROCEDURAL HISTORY

Belinda Rogers's and Mary Stell's cars collided on a frontage road as Rogers attempted to enter an expressway. The Stells sued Rogers for the property damage to their car. She answered with a general denial. The Stells served discovery requests on Rogers. One interrogatory asked for the name and address of any witness that she intended to call to testify. She responded "permitted" but objected to the production of documents and to the question as being "excessively burdensome, unnecessary expense, and a harassment to this defendant." She did not give any names of witnesses in response to that interrogatory. She also objected to eighteen other interrogatories. A hearing was set on the objections. Rogers did not appear at that hearing. The trial court overruled all the objections.

Rogers never answered or supplemented her answers to the interrogatories. When Rogers's counsel called her as a witness at trial, the Stells objected on the grounds that she was never named as a witness in response to the interrogatory. The trial court sustained the objection and refused to let her testify. The court then entered judgment in the Stells' favor.

## INSTRUCTED VERDICT

■ In her first point of error, Rogers contends that the trial court erred in failing to grant her motion for instructed verdict. An instructed verdict is proper when there is no evidence of probative force to raise a material fact question. *See Qantel Business Sys., Inc. v. Custom Controls Co.,* 761 S.W.2d 302, 304 (Tex.1988); *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983). Rogers does not cite us to evidence or legal authority that shows how the Stells' case was insufficient to establish her liability. Rogers has waived this point of error by failing to argue or cite authority that supports her position. *See Essex Crane Rental Corp. v. Striland Constr. Co.,* 753 S.W.2d 751, 756 (Tex.App.—Dallas

1988, writ denied); Tex.R.App.P. 74(d). We overrule Rogers's first point of error.

## DISCOVERY REQUESTS

■ In her second, third, and fourth points of error, Rogers contends that the trial court erred by refusing to let her testify. She argues that the trial court's ruling prevented her from putting on any evidence, that the trial court abused its discretion, and that the rules do not authorize this sanction.

■ The Stells initially presented Rogers with an improper interrogatory when they asked for the names of witnesses that she intended to call at trial. *See Alvarado v. Farah Mfg. Co.,* 34 Tex.Sup.Ct.J. 107, 109 (Nov. 24, 1991); *Gutierrez v. Dallas Indep. School Dist.,* 729 S.W.2d 691, 693 (Tex.1987). Rogers did not object that the question was outside the permissible bounds of discovery because it would reveal trial strategy or object to the form of the question as improper. *See Gutierrez,* 729 S.W.2d at 693; *Employers Mut. Liab. Ins. Co. v. Butler,* 511 S.W.2d 323, 325 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.); Tex.R.Civ.P. 166b(4). She answered that the question was permitted except to production of documents and then objected that it was excessively burdensome. The Stells requested and had a hearing on the objections. Because a hearing was held, Rogers, as the objecting party, had the burden of establishing privilege, immunity, or some other objection. *See McKinney v. National Union Fire Ins. Co.,* 772 S.W.2d 72, 75 (Tex.1989); Tex.R.Civ.P. 166b(4). Rogers did not assert a proper objection in response to the interrogatory. She did not appear at the hearing to explain the objections or to urge a proper one. In the absence of a proper objection, Rogers had a duty to answer or supplement the interrogatory. *See Alvarado,* 34 Tex.Sup.Ct.J. at 109; *Gutierrez,* 729 S.W.2d at 693.

Paragraph 5 of Texas Rule of Civil Procedure 215 provides:

A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a

duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having relevant knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.

Pretrial discovery proceedings have as their aim and purpose the administration of justice by allowing the parties to obtain fullest knowledge of issues and facts prior to trial. *See Alvarado*, 34 Tex.Sup.Ct.J. at 109. By requiring complete responses to discovery, rule 215 promotes responsible assessment of settlement and prevents trial by ambush. *Id.* The trial court has discretion to determine whether the offering party has met the burden of showing good cause for admission of the testimony. However, the trial court has no discretion to admit testimony excluded by the rule without a showing of good cause. The rule is mandatory and the sanction automatic. *Id.* The Texas Supreme Court consistently looks to whether the responding party showed good cause for failure to supplement discovery as being "good cause sufficient to require admission." *Id.* at 108; Tex.R.Civ.P. 215(5).

The Houston and Amarillo courts have considered this issue. *See Smith v. Southwest Feed Yards, Ltd.*, 811 S.W.2d 717, 718 (Tex.App.—Amarillo 1991, no writ); *NCL Studs, Inc. v. Jandl*, 792 S.W.2d 182, 184–86 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Henry S. Miller Co. v. Bynum*, 797 S.W.2d 51, 57–58 (Tex.App.—Houston [1st Dist.] 1990, writ granted). The Houston Court has held that the status as a party, whether plaintiff or defendant, constitutes sufficient good cause to allow the party to testify as a fact witness even though not disclosed in response to interrogatories. *See Jandl*, 792 S.W.2d at 186

(party defendant); *Miller*, 797 S.W.2d at 57–58 (party plaintiff).

In *Miller*, the trial court permitted Bynum to testify as a fact witness, but not as an expert witness. *Miller*, 797 S.W.2d at 57. The Houston Court of Appeals noted that he was the party plaintiff and that the defendant had deposed him prior to trial. *Id.* Even though the trial court never made an express finding of good cause, the Houston Court found that the trial court could have reasonably concluded that the defendant was fully aware of Bynum's status as a potential fact witness. *Id.* In *NCL Studs v. Jandl*, the Houston Court relied on its holding in *Miller* to find that Jandl's status as a party was sufficient good cause to allow her to testify. *Jandl*, 792 S.W.2d at 186.

The Amarillo Court declined to follow *Miller* and *Jandl*. *Smith*, 811 S.W.2d at 719–21. It held that the trial court had not abused its discretion in finding that Smith, the party defendant, did not show good cause for allowing his own testimony. *Id.* at 720. The Amarillo Court criticized the Houston majority's reasoning because good cause is not satisfied by showing that the identity of the potential witness was known to all parties, that the witness's deposition had been taken, or that the witness possessed peculiar knowledge of relevant facts. *Id.*

The Texas Supreme Court has not yet directly considered the question of an undisclosed party witness.[1] *See Alvarado*, 34 Tex.Sup.Ct.J. at 110 n. 1. *Alvarado* shows that the Texas Supreme Court intends for the rules to be straightforward and followed without judicially made exceptions. *See Alvarado*, 34 Tex.Sup.Ct.J. at 107. In *Alvarado*, the court noted that it has on ten occasions written on whether a witness not identified in a response to a discovery request should have been allowed to testi-

---

1. The Texas Supreme Court has granted writ in the *Miller* case on Miller's complaint that the court of appeals erred in affirming the trial court's decision to allow an unidentified witness, the party plaintiff, to testify. 34 Tex.Sup. Ct.J. 408. Further, the writ denied on the *Jandl* case does not denote the Texas Supreme Court's

affirmance of the Houston Court's reasoning. *Smith*, 811 S.W.2d at 720. Jandl won at the trial court, but lost on appeal. *Jandl*, 792 S.W.2d at 183–84. She would not complain in her application for writ of error about being allowed to testify in the trial court. *See Smith*, 811 S.W.2d at 720.

fy. *Id.* at 108. Not once, including *Alvarado*, has the court held that good cause was shown for admission of the testimony when a party failed to supplement discovery. *Id.*

The Texas Supreme Court continually emphasizes that parties must "lay their cards on the table" to facilitate the evaluation of the real risks of trial and the possibilities of settlement. *Alvarado*, 34 Tex. Sup.Ct.J. at 110. Lawsuits are not always between individuals, but may involve classes, multiple parties, or entities such as corporations and partnerships. *See Smith*, 811 S.W.2d at 721. Rule 166b does not exempt the parties of the litigation from the scope of discovery. TEX.R.CIV.P. 166b(2)(d). If we exempt parties from compliance with the rules by protecting them from the sanctions of rule 215, we open the door to a host of judicial exceptions.

We hold that a party to an action is required to be identified in response to an authorized discovery request and is subject to the rule 215 sanction unless the party shows good cause for failure to respond or to supplement responses. The only evidence Rogers urged to satisfy the good cause exception was her status as a party. The trial court did not abuse its discretion by failing to find that Rogers's status as a party was sufficient good cause. Absent a showing of good cause, the trial court had no discretion to admit Rogers's testimony and, therefore, properly excluded it.

We overrule Rogers's second, third, and fourth points of error. We affirm the trial court's judgment.