Anna BLACK, Petitioner,

v.

**TEXAS DEPARTMENT OF LABOR AND STANDARDS, Respondent.**

No. D–1754.

Supreme Court of Texas.

July 1, 1992.

Rehearing Overruled Sept. 16, 1992.

William F. Turman, Austin, for petitioner.

H. Clyde Farrell, Dan Morales, Tom Cockburn, Austin, for respondent.

PER CURIAM.

Pursuant to the Health Spa Act, Tex. Rev.Civ.Stat.Ann. art. 5221*l* (Vernon 1987 & Supp.1992), the Texas Department of Labor and Standards brought suit to enforce the obligations of American Savings Bank, the surety on a letter of credit secured by Anna Black. The trial court rendered judgment in favor of the Department, and the court of appeals affirmed. 816 S.W.2d 496 (Tex.App.1991).

Black contended on appeal that the trial court erred in permitting the Department to offer documentary evidence at trial not timely identified in response to a proper interrogatory. The court of appeals concluded that the trial court had not abused its discretion in finding good cause under Tex.R.Civ.P. 215.5 to permit introduction of the evidence. The appellate court distinguished *Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669 (Tex.1990), as applicable only to identification of witnesses and not to documents, reasoning that:

> [T]imely identification of *witnesses* is critical because it creates the need for additional time to do further discovery, such as depositions, background investigations, and such.... Documents ordinarily do not require such additional time or investigation.

816 S.W.2d at 499 (emphasis in original). In denying the application for writ of error, we are not to be construed as approving this distinction.[1]

The application for writ of error is denied.

---

**1.** Additionally, although the court of appeals relied on the trial court's "impliedly" finding good cause, our action today should not be construed as relieving a party of the duty to show good cause in the record under Tex. R.Civ.P. 215.5.