**AFFIRM; and Opinion Filed June 13, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00073-CV

## ESTATE OF DAVID ANTHONY TOARMINA, DECEASED

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-13-2655-2**

## MEMORANDUM OPINION
Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

At issue in this appeal from a declaratory judgment is whether the trial court abused its discretion in permitting a party's attorney to testify regarding attorney's fees when that attorney was not timely designated as an expert, but a former attorney was. Under the facts of the case, we conclude the court did not abuse its discretion and affirm the trial court's judgment.

In September 2013, Danyel Moffett filed an application to probate the will of David Anthony Toarmina. The application stated that Moffett was the decedent's wife. In October 2013, Charles Vincent Toarmina, the decedent's son, filed another application to probate his father's will. Toarmina also requested a declaratory judgment that Moffett was not the decedent's common law spouse. Toarmina's pleadings included a request that Moffett, or alternatively the decedent's estate, pay his attorney's fees. In January 2014, in response to Moffett's request for disclosure, Toarmina designated his attorney as an expert on the issue of

attorney's fees. In June 2014, that attorney withdrew from the case. Toarmina hired new counsel.

The issue of whether an informal marriage existed between the decedent and Moffett was tried to a jury in late October 2014. At the start of the third and final day of trial, Toarmina's attorney asked the trial court to grant him leave to testify regarding attorney's fees. He stated that he was retained in mid-July and thought that he had "included [his] name before the deadline." After he was hired, he "did all kinds of discovery" and never asked for a continuance. He stated he had forgotten that his name was not mentioned as an expert. Moffett's counsel opposed the request, noting that the new attorney had supplemented the disclosures in September 2014, but failed to include himself and that neither of Toarmina's attorneys had produced any legal fee invoices. Toarmina's attorney responded that an expert had been named for the issue of attorney's fees, just not him. He brought up the possibility of a continuance. The trial court ruled that it would allow counsel to testify regarding the fees because his testimony was not an unfair surprise to Moffett. After further discussion, the court ruled that it would also allow exhibits regarding the fees.

Toarmina's attorney later offered two exhibits regarding attorney's fees, his own invoice (Exhibit 27) and an invoice from the firm of Toarmina's original counsel (Exhibit 28). Moffett objected to the lateness of both exhibits and objected to the former attorney's invoice on grounds it was unauthenticated and hearsay. The trial court admitted the invoice of Toarmina's trial counsel and did not allow that of his previous attorney. Moffett also objected to Toarmina's counsel testifying as to his fees for that month, October 2014, because he had not provided any invoices for that time period; Exhibit 27 showed fees only through the end of September. The court ruled that it would allow Toarmina's counsel to testify about work performed after the last invoice was prepared. Toarmina's attorney testified that his firm's fees for October were

$28,837.50. Exhibit 27 showed that the firm's fees from July through September were $17,602.24.

The jury found that the decedent and Moffett were not married and found that $28,000 was a reasonable fee for the necessary services of Toarmina's attorneys for representation in the trial court. In accordance with the verdict, the trial court rendered judgment declaring that Moffett and the decedent were not married and ordering Moffett to pay Toarmina $28,000 in attorney's fees. This appeal followed.

In her sole issue, Moffett contends the trial court erred in granting Toarmina leave to designate an expert witness on attorney's fees and in allowing his attorney to testify. If a party learns that his response to written discovery is no longer complete and correct, the party must amend or supplement the response. TEX. R. CIV. P. 193.5(a). An amended or supplemental response must be made reasonably promptly after the party discovers the necessity for such a response. *Id.* 193.5(b). It is generally presumed that an amended or supplemental response made less than thirty days before trial was not made reasonably promptly. *Id.* A party who fails to amend or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed or offer the testimony of a witness who was not timely identified, unless the court finds either (1) good cause for the failure to timely amend or supplement the discovery response or (2) the failure to timely amend or supplement the discovery response will not unfairly surprise or unfairly prejudice the other party. *Id.* 193.6(a). Even if the party seeking to introduce the evidence or call the witness fails to show good cause or lack of unfair surprise, the court may grant a continuance or temporarily postpose the trial to allow a response to be made or allow opposing parties to conduct discovery regarding any new information presented. *Id.* 193.6(c). We review a trial court's ruling to admit or exclude an expert witness who has not been properly designated for an abuse of discretion. *See Mentis v.*

*Barnard*, 870 S.W.2d 14, 16 (Tex. 1994); *Grocers Supply, Inc. v. Cabello*, 390 S.W.3d 707, 726 (Tex. App.—Dallas 2012, no pet.).

Moffett contends Toarmina did not show good cause for the late designation or show that she was not unfairly surprised. We disagree. Toarmina filed his application for probate of his father's will and petition for declaratory judgment on October 15, 2013. The pleading included a request for attorney's fees. In January 2014, Toarmina timely designated his first attorney as an expert on attorney's fees. He disclosed that the attorney might be called to testify as to the reasonableness and necessity of attorney's fees, including her fee agreement, hours completed on the case, the work done, and the calculation of fees. That attorney withdrew, and Toarmina hired new counsel about three months before trial. Under these circumstances, where Toarmina sought attorney's fees at the onset of litigation and timely designated his former attorney as an expert on fees, the trial court did not abuse its discretion in determining there was no unfair surprise in permitting his current attorney to testify about his fees. *See Rhey v. Redic*, 408 S.W.3d 440, 459 (Tex. App.—El Paso 2013, no pet.) (where designation of attorney before trial was untimely, trial court did not abuse its discretion in finding no unfair surprise and admitting expert testimony on attorney's fees because pleadings contained request for attorney's fees from inception of suit); *Beard Family P'ship v. Commercial Indem. Ins. Co.*, 116 S.W.3d 839, 850 (Tex. App.—Austin 2003, no pet.) (same). The cases Moffett relies upon are distinguishable. *See Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671–72 (Tex. 1990) (in case decided prior to rule 193.6, court held inadvertence of counsel was not good cause; rule 193.6 now permits undesignated witness to testify if trial court finds good cause *or* lack of unfair surprise); *In re B.L.B.*, No. 13-13-00594-CV, 2014 WL 2158132, at *6–7 (Tex. App.—Corpus Christi May 22, 2014, no pet.) (mem. op.) (trial court erred in admitting attorney's testimony about fees where party failed to identify anyone as an expert on attorney's fees and trial judge expressly stated

–4–

attorney did not need to be designated to testify about fees); *May v. Ticor Title Ins.*, 422 S.W.3d 93, 105–06 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (ruling excluding expert upheld where no expert on attorney's fees had been timely designated); *Perez v. Embree Constr. Grp., Inc.*, 228 S.W.3d 875, 883–84 (Tex. App.—Austin 2007, pet. denied) (in personal injury case, trial court did not err in excluding plaintiff's expert on premises safety and OSHA regulations where plaintiff's discovery responses were incomplete as of deadline; also, any error was harmless); *Hatch v. Tex. Prop. & Cas. Ins. Guar. Assoc.*, No. 01-06-00631-CV, 2007 WL 2011041, at *5–6 (Tex. App.—Houston [1st Dist.] July 12, 2007, no pet.) (mem. op.) (trial court's ruling excluding attorney as expert witness upheld where party did not designate an attorney as expert witness on fees until two days before trial). And we are not persuaded by Moffett's argument that the result in this case should be different because Toarmina sought in the alternative to recover attorney's fees from his father's estate if he did not recover them from Moffett.

To the extent Moffett contends the trial court abused its discretion in admitting the fee statement of Toarmina's trial attorney into evidence, the trial court could have likewise determined Moffett was not unfairly surprised by it. Further, any error in the admission of the fee statement was harmless. *See* TEX. R. APP. P. 44.1(a)(1). The statement was for services performed from July 2014 through September 2014, and reflected fees of $17,602.24. Taormina's trial attorney testified that his firm's fees for the month of trial, October 2014, were $28,827.50. The jury awarded $28,000 in attorney's fees. Thus, the attorney's testimony alone supports the award of fees. *See Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 319–20 (Tex. App.—Dallas 2009, pet. denied) (declining to address whether party established good cause or lack of unfair surprise for failure to submit fee statements before trial because other evidence supported fee award). We overrule Moffett's sole issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

150073F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ESTATE OF DAVID ANTHONY
TOARMINA, DECEASED

No. 05-15-00073-CV

On Appeal from the Probate Court No. 2,
Dallas County, Texas
Trial Court Cause No. PR-13-2655-2.
Opinion delivered by Justice Brown, Justices
Lang and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Charles Vincent Toarmina recover his costs of this appeal from appellant Danyel Moffett.

Judgment entered this 13th day of June, 2016.