TICOR TITLE INSURANCE
COMPANY, Petitioner,

v.

J.H. LACY, Trustee, Respondent.

No. D–0434.

Supreme Court of Texas.

Jan. 30, 1991.

John W. Bickel, II, Harold F. Marshall, David Mace Roberts, Dallas, for petitioner.

Kevin J. Keith, H. Dee Johnson, Jr., Dallas, for respondent.

PER CURIAM.

On motion for rehearing of petitioner's application for writ of error, we withdraw our prior judgment and opinion, and the following is substituted.

J.H. Lacy, trustee for owners of a parcel of property, sued Sullivan Investments, Inc., for alleged breach of a sales contract, as well as Ticor Title Insurance Company for alleged breach of its fiduciary duty to Lacy to issue a sight draft on a letter of credit it held as security for the transaction. Among the claims in his original petition, Lacy sought to recover punitive damages from Ticor and attorney's fees from both parties. Four years before trial, Ticor sent interrogatories to Lacy requesting designation of all experts who were potential witnesses on the issue of attorney's fees. Lacy never responded to Ticor's request. Sullivan submitted no interrogatories to Lacy.

At trial, Lacy withdrew his punitive damages claim against Ticor, thus eliminating his concurrent request for attorney's fees. To support his surviving attorney's fees claim against Sullivan, however, Lacy's counsel testified as an expert on the claim. Sullivan objected to this testimony on the grounds that Lacy had failed to answer Ticor's interrogatory or to disclose the expert's identity within thirty days of trial, as required by Tex.R.Civ.P. 166b(6).[1] Sullivan

1. That rule provides for the supplementation of answers to requests for discovery, specifically: [T]he following shall be supplemented not less than thirty days prior to the beginning of trial unless the court finds that a good cause exists for permitting or requiring later supplementation.

argued that it should have been permitted to rely upon Ticor's interrogatory requesting that Lacy designate his experts. The trial court agreed and prohibited the testimony of Lacy's counsel, thereby denying the claim for attorney's fees.

The court of appeals reversed, holding that, as a general proposition, "in multiparty cases where non-common causes of action are pleaded, one party may not necessarily rely upon answers to another party's interrogatories, the distinction being whether the question goes to a common cause of action." 794 S.W.2d 781, 791. The court thus rejected the conclusion of *Smith v. Christley*, 755 S.W.2d 525 (Tex. App.—Houston [14th Dist.] 1988, writ denied), that:

> A party must be able to rely on the interrogatories and answers of other parties in the same suit. Otherwise a multiparty case would require redundant interrogatories with identical questions and answers.

*Id.* at 530.

Sullivan did not file an application for writ of error in this court complaining of the court of appeals' judgment against it for Lacy's attorney's fees. Although Ticor Title complains in its application of the court of appeals' holding on attorney's fees, it "may not complain of error which do[es] not injuriously affect [it] or which merely affect[s] the rights of others." *Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 92 (Tex.1973).

We deny Ticor Title's application; but because we believe the *Christley* approach to be preferable, we disapprove the analysis of the court of appeals on the issue of whether one party may rely on the interrogatories of other parties in the same case. We neither approve nor disapprove the analysis of the court of appeals on the letter of credit and mutual mistake issues.

---

... b. If the party expects to call an expert witness when the identity or the subject matter of such expert witness' testimony has not been previously disclosed in response to an appropriate inquiry directly addressed to these *matters, such* response must be supplemented to include the name, address and telephone number of the expert witness and the substance of the testimony concerning which the expert witness is expected to testify, as soon as is practical, but in no event less than thirty (30) days prior to the beginning of trial except on leave of court.