Dennis WARD and Truda
Ward, Appellants,

v.

Don O'CONNOR and Ann Elizabeth
O'Connor, Appellees.

No. 04–90–00608–CV.

Court of Appeals of Texas,
San Antonio.

May 22, 1991.

William B. Chenault, III, San Antonio, for appellants.

Jerry R. Tucker, Sr., San Antonio, for appellees.

Before BUTTS, CHAPA and BIERY, JJ.

OPINION

BIERY, Justice.

The Wards, appellants, sued the O'Connors, appellees, and seventeen other defendants concerning alleged drainage and workmanship defects in the home constructed for the Wards by the defendants. Extensive discovery, including approximately fifty sets of interrogatories from the defendants to the Wards, took place during the four years prior to the trial setting. The Wards' initial answers to the interrogatories were incomplete and needed supplementation prior to trial, specifically with reference to three items of information:

1) Names and addresses of fact witnesses and a brief summary of their testimony.

2) Names and addresses of expert witnesses and their area of expertise.

3) A list of exhibits.

Approximately six months prior to trial, the Wards supplemented their answers to interrogatories submitted by the defendants, Ralph Fair, Inc. and Fair Oaks Joint Venture. Included in the supplemental answers was the information concerning fact witnesses, expert witnesses, and exhibits. Rather than prepare supplemental answers to the interrogatories of all of the multiple defendants, the Wards' attorney specifically stated that the Ralph Fair, Inc. supplementation was "SUPPLEMENTAL TO ALL OTHER DISCOVERY." The Wards concede that the different sets of interrogatories were submitted in different order but contend that the basic information was the same and fulfilled the primary purpose of discovery, namely, to enable a party to obtain the fullest knowledge of issues and facts prior to trial and to prevent trial by ambush. *Gutierrez v. Dallas Indep. School Dist.,* 729 S.W.2d 691, 693 (Tex. 1987).

On the day prior to trial, the trial court granted the O'Connors' motion in limine which sought to prevent the Wards from calling any of their witnesses because the Wards did not specifically supplement the

O'Connors' interrogatories. The granting of the motion by the trial court effectively precluded the Wards from proving their case, and the cause of action was dismissed.[1]

The Wards' appeal, contending that the trial court erred in not recognizing their supplementation as being proper in this multi-party case. We note that the trial court did not have the benefit of our supreme court's recent ruling in *Ticor Title Ins. Co. v. J.H. Lacy, Trustee*, 803 S.W.2d 265 (Tex.1991), which addressed the issue of reliance by one party upon the interrogatories and answers of other parties in a multi-party lawsuit. Based on *Ticor*, we are persuaded that the Wards' supplementation was proper, and that the dismissal of the Wards' cause of action should be reversed and the case remanded for trial.

While the facts in *Ticor* are the converse of the case before us, the issue is the same: whether, in multi-party cases, one party may rely upon the answers to another party's answers to interrogatories. As the supreme court quoted in *Ticor*, "[a] party must be able to rely on the interrogatories and answers of other parties in the same suit. Otherwise a multi-party case would require redundant interrogatories with identical questions and answers." *Ticor*, 803 S.W.2d at 266 (quoting *Smith v. Christley*, 755 S.W.2d 525, 530 (Tex.App.—Houston [14th Dist.] 1988, writ denied)). Such a rule comports with the primary purpose of discovery, namely, to enable a party to obtain the fullest knowledge of issues and facts prior to trial and to prevent trial by ambush. *Gutierrez v. Dallas Indep. School Dist.*, 729 S.W.2d 691, 693 (Tex.1987). In *Ticor*, the supreme court held that the failure to respond to discovery with the name of a witness to one defendant constituted the failure to give the name of the witness to all other defendants. *Ticor*, 803 S.W.2d at 266. Here, the converse is true: the naming of the fact witnesses, expert witnesses, and listing of exhibits to one defendant constituted the disclosure of the same information, albeit in a somewhat different order, to all defendants, especially where the Wards specifically stated that their supplementation as to the Ralph Fair, Inc. interrogatories was "SUPPLEMENTAL TO ALL OTHER DISCOVERY." We see no useful purpose to be served by the redundant preparation of the same information as would be required by the appellees' analysis.

Accordingly, we hold that the Wards' supplementation of the defendants' interrogatories, particularly the critical information concerning witnesses and exhibits was proper, and that the O'Connors' motion in limine was improvidently granted by the trial court. The judgment of the trial court is reversed and the case is remanded for trial.

---

**1.** The Wards and all other defendants except the O'Connors had settled prior to trial.