Kim Y. THOMPSON, Individually and as Next Friend of MATTHEW E. Thompson, A Minor, and as Personal Representative of the Estate of John Eric Thompson, Deceased, Appellant,

v.

KAWASAKI MOTORS CORP., U.S.A., et al., Appellees.

No. 05–91–00226–CV.

Court of Appeals of Texas, Dallas.

Dec. 19, 1991.

Rehearing Denied Jan. 22, 1992.

J. Don Gordon, Sherman, for appellant.

Dee J. Kelly, Jr., E. Glen Johnson, Fort Worth, for appellees.

Before STEWART, OVARD and BURNETT, JJ.

## OPINION

BURNETT, Justice.

Kim Y. Thompson, individually and as next friend of Matthew E. Thompson, a minor, and as personal representative of the estate of John Eric Thompson, deceased, appeals from a take nothing judgment. Thompson asserts two points of error. We sustain the first point of error complaining of the trial court's finding of good cause to allow the testimony of expert witnesses not identified in response to an interrogatory. We reverse and remand.

## STATEMENT OF FACTS

Thompson sued Kawasaki Motors Corp., U.S.A. (KMC), Kawasaki Heavy Industries, Ltd. (KHI), and Gainesville Cycles Co. for damages resulting from the death of her husband. The decedent was operating a Kawasaki motorcycle at the time of the accident. Thompson alleged various theories of products liability, tort, negligence, and gross negligence against KMC and KHI.

At trial, both parties presented controverted expert testimony regarding the motorcycle's safety and design. The trial court directed verdicts in favor of Gainesville Cycles (the retailer) and KMC (the wholesaler) before submitting the case to the jury. The jury found there to be no defect in the motorcycle, no breach of implied warranty, and no negligence of KHI (the manufacturer).

## PROCEDURAL HISTORY

On October 27, 1988, Thompson served her first set of interrogatories on KMC and KHI. Interrogatory number 20 inquired as to whether any experts had been retained to testify. Interrogatory number 21 requested the names of any expert identified in number 20 as well as other general information discoverable under Rule 166b(2)(e)(1) of the Texas Rules of Civil Procedure.

On November 23, 1988, KMC and KHI filed a joint motion for protective order regarding various objections they had made to Thompson's first set of interrogatories. No objection was made to interrogatory number 20 and a conditional objection was made to interrogatory number 21 "to the extent that this interrogatory calls for discovery of information broader than that described in Tex.R.Civ.P. 166b(2)(e)."

In December of 1988, prior to any hearing being held on the joint motion for protective order, KMC served its answers to the interrogatories. It responded to interrogatory number 20 by stating that "no such expert has been designated at this time." The response to interrogatory number 21 was "see Objection. See also Defendant's answer to interrogatory number 20."

In January of 1989, the parties entered into an agreement in open court regarding the joint motion for protective order as follows:

> And this is on the Joint Motion for Protective Orders by Kawasaki Heavy Motor Corp. USA and Kawasaki Heavy Industries Limited, and we are here to announce to the Court that we have reached an agreement to the granting of the Joint Motion for Protective Order and the objections in lieu of those interrogatories *described in the following agreement regarding discovery,* and Kawasaki Heavy Industries and Kawasaki Motor Corp. agree to respond *in the following ways to the following discovery....* (emphasis added)

Counsel for KMC and KHI then recited the areas upon which the parties had reached an agreement. Nothing in the agreement involved the discovery of expert witness information.

In July of 1989, KMC and KHI filed an unsworn designation of expert witnesses. This document identified Jon McKibben and Harry Hurt as witnesses but did not respond to any of the information requested in interrogatory number 21. Later that month, Thompson served her "New Request for Supplemental Responses to Previous Requests for Discovery" on KMC and KHI. She requested that KMC and KHI

supplement any previously incomplete or incorrect responses. She specifically requested that KMC and KHI supplement discovery responses regarding expert witnesses.

In response to Thompson's second set of interrogatories asking for names of fact witnesses, KMC and KHI listed McKibben and Hurt. Thompson deposed McKibben and Hurt prior to trial.

When KMC and KHI called McKibben and Hurt to testify, Thompson objected and moved the court to exclude their testimony because they were not properly identified in answer to her interrogatories. The trial court overruled the objection finding good cause because the two had been previously identified in a letter as well as deposed prior to trial.

## DISCOVERY OF EXPERT WITNESSES

Thompson complains that the trial court erred by not automatically excluding the experts' testimony. Thompson argues that the trial court's ruling was based on the absence of surprise, unfairness, or ambush rather than a finding that KMC and KHI had met their burden of showing good cause for failure to supplement.

KMC and KHI argue that: (1) there was no operative interrogatory that required them to supplement because the entire first set of interrogatories was modified by the agreed order on the joint motion for protective order; (2) McKibben and Hurt were identified in their responses to Thompson's second set of interrogatories; (3) they filed a written designation of experts; (4) good cause exists for admitting their testimony; and (5) they are entitled to rely on Gainesville Cycle's designation of KHI's experts.

### a. Standard of Review

Under the Texas Rules of Civil Procedure, a party has a duty to supplement discovery responses if he knows that the response was incorrect or incomplete when made. TEX.R.CIV.P. 166b(6)(a). The rule also requires a party to supplement if the party expects to call an expert witness when the identity or subject matter of the expert's testimony has not been previously disclosed in response to an appropriate inquiry. *Id.* The supplemental response should include the expert's name, address, and telephone number, and the substance of the expert's testimony. *Id.; Wells v. HCA Health Serv.,* 806 S.W.2d 850, 852 (Tex.App.—Fort Worth 1990, writ denied).

Rule 215(5) of the Texas Rules of Civil Procedure states:

A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness ..., unless the trial court finds that good cause sufficient to require admission exists. *The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record.* (emphasis added)

The sanction for failing to comply with the rules of discovery is the automatic exclusion of the unidentified witness's testimony. *Morrow v. HEB, Inc.,* 714 S.W.2d 297, 298 (Tex.1986); TEX.R.CIV.P. 215(5). If the trial court finds *good cause* for failing to supplement, it may, in its discretion, admit the testimony. *Boothe v. Hausler,* 766 S.W.2d 788, 789 (Tex.1989); TEX.R.CIV.P. 215(5).

The Texas Supreme Court has issued eleven opinions on whether a witness not identified in response to a discovery request should have been allowed to testify.[1]

**1.** *Alvarado v. Farah Mfg. Co.,* 34 Tex.Sup.Ct.J. 107, 1990 WL 180694 (Nov. 21, 1990); *Rainbo Baking Co. v. Stafford,* 787 S.W.2d 41 (Tex.1990) (per curiam); *Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669 (Tex.1990) (per curiam); *McKinney v. National Union Fire Ins. Co.,* 772 S.W.2d 72 (Tex.1989); *Clark v. Trailways, Inc.,* 774 S.W.2d 644 (Tex.1989); *Boothe v. Hausler,* 766 S.W.2d 788 (Tex.1989); *Gee v. Liberty Mut.*

*Fire Ins. Co.,* 765 S.W.2d 394 (Tex.1989); *E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363 (Tex.1987) (per curiam); *Gutierrez v. Dallas Indep. School Dist.,* 729 S.W.2d 691 (Tex.1987); *Morrow v. HEB, Inc.,* 714 S.W.2d 297 (Tex.1986) (per curiam); *Yeldell v. Holiday Hills Retirement & Nursing Center, Inc.,* 701 S.W.2d 243 (Tex. 1985).

None of these cases holds that good cause was shown for failure to supplement. *See, e.g., Alvarado,* 34 Tex.Sup.Ct.J. at 108.

■ In *Alvarado,* the court expressed its frustration with trial courts allowing such testimony even though the party had not complied with discovery rules. The court stated:

> We have repeatedly held that *lack of surprise* to an opposing party is not in itself good cause to allow the testimony of a witness not identified in discovery. (citations omitted) Extending this principle, we have held, *again repeatedly,* that a witness who has been deposed prior to trial must nonetheless be identified in response to a request for discovery if the witness' testimony is to be offered.

*Alvarado,* 34 Tex.Sup.Ct.J. at 108 (emphasis added). A party having undertaken to answer an interrogatory is required to do so fully and to supplement his answers in accordance with the rules. *Alvarado,* 34 Tex.Sup.Ct.J. at 108; *see Gutierrez,* 729 S.W.2d at 693.

■ A party has an affirmative duty to identify expert witnesses in response to an appropriate inquiry. *Sharp,* 784 S.W.2d at 671; Tex.R.Civ.P. 166b(6)(b). The fact that a witness's identity is known to all parties is not good cause for failing to supplement discovery. *Sharp,* 784 S.W.2d at 671.

■ This court has previously held that an expert witness must be properly identified in writing *in response to a proper interrogatory* in order for the expert's testimony to be admissible at trial. *Stiles v. Royal Ins. Co. of Am.,* 798 S.W.2d 591, 596 (Tex.App.—Dallas 1990, writ denied). Identification should not be done merely by letter, but by proper answer to the interrogatories sent in the case. *Stiles,* 798 S.W.2d at 596.

### b. Application of Law to Facts

#### (1) Effect of Joint Motion for Protective Order

■ KMC and KHI contend that the entire first set of interrogatories was modified by the agreement reached on their motion for protective order. The record reflects that KMC answered interrogatory number 20 that no experts had been retained. This answer was provided before the agreement. KMC never supplemented this answer. Neither KMC nor KHI objected to interrogatory number 20. Therefore, their motion for protective order could not have related to that interrogatory. Having undertaken to answer this interrogatory or failing to properly object, KHI and KMC had an affirmative duty to supplement their responses.

Furthermore, KMC and KHI only objected to the portions of interrogatory number 21 that sought information broader than that described in Rule 166b(2)(e)(1) of the Texas Rules of Civil Procedure. In that interrogatory, Thompson sought information to which she was entitled under 166b(2)(e)(1). Neither KMC nor KHI supplemented its response to this appropriate inquiry. KHI and KMC never provided Thompson with the unobjectionable information she had requested, including their experts' phone numbers, substance of their testimony, their opinions, and the facts relating to or forming the basis fo their opinions.

Nothing in the agreement between the parties concerned discovery of expert witnesses, so the agreement on the joint motion for protective order did not modify these two interrogatories. KHI and KMC had a duty to supplement their responses under Texas Rule of Civil Procedure 166b(6), but failed to do so.

#### (2) Identification of Experts In Second Set of Interrogatories

#### (3) Designation of Experts

■ The record reflects that KMC and KHI provided the names of Hurt and McKibben in response to other interrogatories as well as in an unsworn designation of experts. The interrogatories answered dealt with the names of persons with knowledge of relevant facts. There are differences between lay witnesses and experts. *See Gutierrez,* 729 S.W.2d at 693. Furthermore, the fact that KHI and KMC provided Thompson with the names of the

experts does not relieve them of the duty to supplement their responses to Thompson's inquiry which directly addressed experts, including their addresses, phone numbers, and the substance of their testimony.

### (4) Good Cause

 The trial court allowed McKibben and Hurt to testify because (1) KHI and KMC had provided Thompson their names in their unsworn designation of experts and (2) Thompson had deposed them prior to trial. The fact that these witnesses were fully deposed prior to trial is not enough to show good cause for admitting their testimony when they were not identified in response to discovery. *See Sharp*, 784 S.W.2d at 671. Also, as stated above, the unsworn designation of experts did not discharge the duty of KMC and KHI to fully supplement their response to direct inquiries regarding experts under Texas Rule of Civil Procedure 166b(6)(a), (b).

 The trial court's reasons for allowing the expert testimony involve lack of surprise rather than a finding of good cause. Lack of surprise may be a factor but is not the standard. *Morrow*, 714 S.W.2d at 298. Neither of the reasons found by the court constitute good cause.

### (5) Reliance on Gainesville Cycle's Designation of Experts

 Finally, KMC and KHI contend that they are entitled to rely on Gainesville Cycle's designation of experts. KMC and KHI cite *Ticor Title Insurance Co. v. Lacy*, 803 S.W.2d 265 (Tex.1991), as authority for this proposition. We disagree.

 The facts in *Ticor* are distinguishable. *Ticor* involved an action by one plaintiff against two defendants including a claim for attorney's fees. The plaintiff never responded to one defendant's interrogatories requesting designation of experts on the issue of attorney's fees. At trial, the plaintiff attempted to introduce expert testimony on this issue against the other defendant. The court approved the approach in *Smith v. Christley*, 755 S.W.2d 525 (Tex.App.—Houston [14th Dist.] 1988,

writ denied), where the court held that one party may rely on the interrogatories of other parties in the same case. *Ticor*, 803 S.W.2d at 266. *Smith* allows other parties to expect no experts will be called when no designation has been made, that is, responses, or lack thereof may be used *against* the answering party by any other party to the lawsuit. *Smith*, 755 S.W.2d at 530. However, it does not allow one party to discharge its duty to supplement and to rely on designations of experts by others.

Nothing in the record reflects what, if any, designation of experts was made by Gainesville Cycles. The record only reflects that the persons to be identified by Gainesville Cycles "are the same persons previously identified by other parties to this suit." No designation was made by "other parties" upon which Gainesville Cycles could rely. Secondly, we decline to read *Ticor* as authority to relieve KMC and KHI of their duty to supplement their answers in light of the Texas Supreme Court's strict adherence to the rule of automatic exclusion of witnesses not properly designated.

### c. Conclusion

KMC and KHI did not show good cause for failure to supplement discovery requests. Although the trial court's rationale was that Thompson was not surprised, the Texas Supreme Court has held that this consideration "cannot be permitted to trump the discovery rule." *Alvarado*, 34 Tex.Sup.Ct.J. at 109.

 The trial court erred when it allowed Hurt and McKibben to testify without a showing of good cause. In determining whether this error requires reversal we must examine the entire record. *Boothe*, 766 S.W.2d at 789. If the erroneously admitted evidence is merely cumulative or does not concern a material issue, then the error is harmless. *Gee*, 765 S.W.2d at 396. However, if the error "was reasonably calculated to cause and probably did cause rendition of an improper judgment," we must reverse. Tex.R.App.P. 81(b).

Nothing in this record suggests the error was harmless. Hurt and McKibben were the only experts called by KMC and KHI. McKibben's testimony included his opinion on the rear brake adjustment system and the effect of an inoperative rear brake on the motorcycle in question. Much of his testimony controverted Thompson's theory that the rear brake was inoperable at the time of the accident. Hurt testified about helmet safety and the effects of the decedent's failure to wear a helmet at the time of the accident. Their testimony concerned material issues crucial to the jury determination that there was no liability on the part of KHI.

We sustain Thompson's first point of error.

### EXPERT OPINION TESTIMONY

Because this cause must be remanded for a new trial, we also consider the issues raised by Thompson's second point of error. Thompson contends that the trial court erred in allowing Hurt's testimony because his testimony was not based upon reasonable medical probability. KMC and KHI respond that Hurt was properly qualified to give opinion testimony about the effects of the decedent's failure to wear a motorcycle helmet.

While it is not absolutely necessary that a *medical* expert couch his opinions in terms of a "reasonable medical probability," a jury issue should not be submitted when it is based merely upon speculation and conjecture. *See Duff v. Yelin,* 751 S.W.2d 175, 176 (Tex.1988). Hurt's credentials and testimony involved his research in the field of biomechanics. Specifically, Hurt's testimony involved the issue of helmet safety and how it related to this accident. Hurt did not testify as a medical expert and did not offer medical opinions about the decedent. Therefore, his testimony need not be based upon reasonable medical probability.

We overrule Thompson's second point of error.

We reverse the trial court's judgment and remand this cause for a new trial. TEX.R.APP.P. 81(b)(1).