Winnie BULLOCK, Gwendolyn Bullock, Tamra Bullock Flores, and Deborah Bullock Moreland, Appellants,

v.

ALUMINUM COMPANY OF AMERICA, Appellee.

No. 13–91–386–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 8, 1992.

Rehearing Overruled Dec. 31, 1992.

Emmett Cole, Jr., James W. Cole, Cole, McManus, Cole & Easley, Robert Whitaker, Victoria, Thomas Stanley, Stanley & Maher, Houston, Robinson Ramsey, Wharton, for appellants.

Michael Connelly, Mayor, Day & Caldwell, Robert Roach, Stephen R. Sulentic, Bruce Kemp, Mayor, Day & Caldwell, Houston, for appellee.

Before KENNEDY, DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

OPINION

KENNEDY, Justice.

Winnie Bullock, Gwendolyn Bullock, Tamra Bullock Flores, and Deborah Bullock Moreland (the Bullocks) appeal from a take-nothing judgment in their suit against the Aluminum Company of America (Alcoa) for gross negligence in the wrongful death of John Bullock.[1] The Bullocks contend by

---

1. Plaintiffs also sued the Eaton Corporation and two Alcoa employees. Plaintiffs settled with Eaton and nonsuited the Alcoa employees.

six points of error that the trial court erred in allowing Alcoa to use the deposition testimony of two witnesses whom Alcoa had not designated in response to discovery requests as experts or as persons with knowledge of relevant facts. We reverse and remand.

John Bullock died when the forklift that he was driving for Alcoa overturned onto him. The crux of the dispute in this suit was whether Alcoa had provided adequate safety devices and training to its forklift drivers.

At trial, the Bullocks called Lila Laux, a human factors psychologist, to testify about the inadequacy of Alcoa's warnings to and training of its forklift drivers. She also opined about Alcoa's safety decision-making process based on her review of various materials, including depositions of Alcoa employees and experts.

As part of its case, Alcoa called Frank Entwisle and Alvin Kirby by deposition. The Bullocks objected and charged that, because Alcoa had not designated Entwisle or Kirby in discovery responses either as persons with knowledge of relevant facts or as experts, Alcoa could not call them to testify. *See* Tex.R.Civ.P. 215(5). Alcoa admitted that it had not designated Entwisle or Kirby, but contended that it had good cause under Rule 215(5) sufficient to overcome that nondesignation. The trial court agreed, finding good cause for Alcoa's failure to designate because the Bullocks designated Entwisle and Kirby both as persons with knowledge and as experts.

■ When reviewing a trial court's decision to allow an undesignated witness to testify, we apply an abuse of discretion standard. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986). We find an abuse of discretion if the court acted without reference to any guiding rules and principles. *Id.*

The court properly noted that parties cannot generally call as a witness a person whom they did not designate in discovery as an expert or as a person with knowledge. Tex.R.Civ.P. 215(5). The court also properly noted that a court can allow a party to call a non-designated witness if the court finds good cause to do so. Tex. R.Civ.P. 215(5). We next examine whether the court abused its discretion in interpreting these precepts.

■ Alcoa did not directly or indirectly properly designate Entwisle or Kirby. Alcoa admits it did not directly designate either man, but notes that the Bullocks did. Alcoa cannot latch onto the coattails of the Bullocks' designation. This court has held that a party does not properly designate a witness with a discovery response in which it purports to designate as its own all persons designated by other parties as experts or persons with knowledge. *American Cyanamid Co. v. Frankson*, 732 S.W.2d 648 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). This decision does not conflict with rulings by other courts that parties can rely on the discovery responses of other parties. *See Ticor Title Ins. Co. v. Lacy*, 803 S.W.2d 265 (Tex.1991); *see also Smith v. Christley*, 755 S.W.2d 525 (Tex. App.—Houston [14th Dist.] 1988, writ denied). Instead, the holdings of *Ticor* and *Smith* coexist with *American Cyanamid* and support our action here. Neither the plaintiff in *Ticor* nor the plaintiff in *Smith* designated an expert in responses to discovery propounded by a defendant who later settled, but each plaintiff attempted to call an expert at trial. *Ticor*, 803 S.W.2d at 265; *Smith*, 755 S.W.2d at 529. In each case, the courts held that a non-settling defendant was entitled to rely on the plaintiff's nondesignation of experts in response to the settled defendant's interrogatories. *Ticor*, 803 S.W.2d at 266; *Smith*, 755 S.W.2d at 530. The courts in both cases held that a non-settling defendant could use the plaintiff's failure to designate defensively to prevent the calling of witnesses (as the Bullocks attempted to do). *Ticor*, 803 S.W.2d at 265; *Smith*, 755 S.W.2d at 529. These cases do not indicate that a non-designating party may use the responses of other parties to supplement its own responses. *See Thompson v. Kawasaki Motors Corp., U.S.A.*, 824 S.W.2d 212, 217

(Tex.App.—Dallas 1991, writ filed). Alcoa could not properly rely on the Bullocks' designation of experts to serve as designation by Alcoa.

Because Alcoa did not designate Entwisle or Kirby, the only way Alcoa could call them was to fit its request within the narrow good cause standard. The supreme court illustrated the narrowness of the exception by rejecting a finding of good cause where a party tried to call an expert whom it had designated four days late (26 days before trial) and whom both parties deposed within a week of trial. *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669 (Tex.1990). The court held that oral identification of the witness and the absence of surprise by the opponent at the witness or his testimony were not sufficient to overcome the lack of timely, written designation of the witness. *Id.*, at 671. The court wrote:

> A party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory. Thus, even the fact that a witness has been fully deposed, and only his or her deposition testimony will be offered at trial, is not enough to show good cause for admitting the evidence when the witness was not identified in response to discovery.

*Id.* The supreme court this year reiterated the continuing vitality of these words and further held that good cause did not exist even if the excluded evidence was uniquely important. *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex.1992). The decision of the trial court here is not in line with this case law.

One of the goals and guiding principles of Rule 215(5) is avoidance of trials by ambush. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989). The fact that the Bullocks designated Kirby and Entwisle does not mean that the Bullocks should expect that a party that did not designate the witnesses will call them. The tactical surprise to the Bullocks of Alcoa calling undesignated witnesses is great because the Bullocks approached trial knowing that Alcoa knew about Kirby and Entwisle, knew other parties had designated them, and knew their testimony from the depositions, but chose not to designate them. The fact that the Bullocks designated Entwisle and Kirby is not good cause to allow the nondesignating Alcoa to call them. The trial court abused its discretion in finding good cause on that basis.

■ We reject Alcoa's other proffered bases for a finding of good cause. Alcoa urges this court to follow the ruling of *AmSav Group v. American Sav. & Loan*, 796 S.W.2d 482 (Tex.App.—Houston [14th Dist.] 1990, writ denied). In *AmSav*, the trial court allowed American Savings and Loan to call a witness in rebuttal whom it had not designated in discovery. *Id.* at 486. The trial court found good cause to allow American to call the witness because AmSav had designated and deposed the witness, and because American needed the testimony to rebut unexpected testimony. *Id.* Though there are parallels between *AmSav* and this case, we choose not to follow it. We find that *AmSav* has limited precedential value in this court. The *AmSav* decision came soon after but did not cite *Sharp*, nor has *AmSav* been followed in published opinions on this issue. We choose to follow the holdings of *Sharp* and *Alvarado* cited above and find that the trial court abused its discretion in finding good cause to allow the testimony.

Alcoa argues that good cause for allowing it to call the witnesses was that it needed them to refute the Bullocks' expert's unanticipated and erroneous testimony. Alcoa contends that Laux testified on issues outside the range of her experience and relied on documents which she had not reviewed at her deposition. As to the former issues, Alcoa undermined the testimony on cross examination by exposing Laux's lack of experience in the areas of forklift safety training and with the Alcoa plant itself. As to the latter issues, Alcoa could easily have anticipated Laux would do more investigation after her deposition since, as she testified, she indicated at her deposition that she would investigate further. Alcoa also elicited testimony that her

basic opinions had not changed despite her additional review. Nothing in Laux's testimony provided good cause for the court to allow Alcoa to call these witnesses.

Alcoa offers more alternative bases for the allowance of the witnesses' testimony. It is not clear whether these are additional grounds for finding good cause or are separate grounds altogether. We find these arguments unavailing regardless.

■ Alcoa contends that the use of the depositions of Entwisle and Kirby was justified by the principle that a party can inquire into the bases of an expert's opinions. Alcoa analogizes this situation to other instances in which courts have allowed parties to impeach testimony by referring to the source materials on which an expert claims to have relied in forming opinions. *Wendell v. Central Power & Light Co.*, 677 S.W.2d 610 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) (resource book); *Moore v. Standard Fire Ins. Co.*, 461 S.W.2d 213 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e) (consulting doctor's report). Alcoa did not use the depositions in this manner in this case, however. Instead of confronting Laux on cross examination with excerpts from Entwisle and Kirby depositions which contradicted her testimony, Alcoa waited until its case and presented the testimony along with other testimony. Indeed, Alcoa presented somewhat lengthy excerpts from the depositions during its case, which spurred the Bullocks to present even longer excerpts. We do not believe that the relatively broad use Alcoa made of the testimony of Entwisle and Kirby comports with this narrow impeachment by source exception.

Alcoa contends that the Bullocks should not be allowed to conceal the testimony of these experts. Alcoa cites a case in which a plaintiff attempted to hide the testimony of a settling defendant's expert witnesses by redesignating the witness as plaintiff's consulting expert witnesses. *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556 (Tex.1990). The supreme court held that this redesignation violated the policy of truth-seeking that underlies the discovery rules. *Id.* at 559. This case is not applicable here. The Bullocks did not redesignate Entwisle and Kirby into the protected class of consulting experts following Eaton's settlement. Nothing prevented Alcoa from designating them as experts. The Bullocks took no pretrial action to thwart the truth-seeking objective of discovery, and their objection at trial promoted another discovery policy, that of reducing the element of surprise at trial.

■ Alcoa also argues that the testimony should be allowed under a different rule of procedure that allows the use of deposition testimony at trial, Tex.R.Civ.P. 207. This rule provides that admissible deposition testimony can be used at trial against any party who was present or represented at the taking of the deposition. Tex.R.Civ.P. 207(1)(a). Alcoa contends that this rule ought to apply to deposition testimony and Rule 215(5) should be limited to live testimony. We reject that argument and hold that the anti-surprise policy of Rule 215(5) should not be restricted to live testimony. Though the surprise at the content of the testimony here may be low, the surprise at its use is high and potentially destructive of trial strategy. We believe that a party should be able to prepare for trial knowing which witnesses might be called. *See Alvarado*, 830 S.W.2d at 915.

The trial court abused its discretion in diverging from the principles espoused in case law interpreting Rule 215(5) and finding good cause to allow Alcoa to call Entwisle and Kirby. This abuse was error. We must proceed to see if the error was harmful.

■ Error is deemed harmful if it was reasonably calculated to cause and probably did cause rendition of an improper verdict. *Gee*, 765 S.W.2d at 396; Tex.R.App.P. 81(b)(1). Entwisle and Kirby were erroneously allowed to testify as to the crucial issue of the validity of Alcoa's forklift safety program. Entwisle testified about the dispute in the industry on the efficacy of seatbelts, the delay by manufacturers in sending safety information to purchasers, the possibility that specific concerns could legitimately cause a company not to install seat belts on forklifts, the

general concern of Alcoa for safety, and the quality of Alcoa's safety programs. Kirby testified that specific safety concerns should override general safety concerns, that Alcoa's reliance on manufacturers' failure to include seatbelts was reasonable, and that seatbelts might actually have created as much danger as they alleviated. The importance of both men's testimony on this central issue was heightened because they were the only engineers to testify for Alcoa who were not affiliated with Alcoa. Even if other Alcoa witnesses had given identical testimony, Entwisle and Kirby's testimony carried great additional persuasiveness by virtue of their nonaffiliation.

Alcoa argues that allowing the testimony was not harmful because the Bullocks themselves could have and did use the testimony. Alcoa contends that because the Bullocks reserved the right to call Entwisle and Kirby, they cannot claim that the testimony was prejudicial when offered by Alcoa. That argument incorrectly implies that designation of a witness is a commitment to call the witness. Designation of a witness only includes the witness in the array of witnesses that a designator *may* call at trial. Alcoa also argues that the Bullocks' offer of more of the deposition than Alcoa used overcomes any harm caused by Alcoa's calling of the witnesses. The Bullocks were virtually compelled to use the testimony to try to respond to the testimony elicited by Alcoa. Had Alcoa correctly been barred from eliciting Entwisle and Kirby's testimony, the Bullocks would not have used any of their testimony in response. The number of pages of testimony called is not the issue here; the issue is whether any of the testimony erroneously allowed probably caused the rendition of an improper verdict. We find that it did.

We find that the testimony introduced by Alcoa from the unaffiliated Entwisle and Kirby concerned key issues that probably persuaded the jury to render an improper verdict.

Because we find that the allowance of the testimony of Entwisle and Kirby was harmful error, we need not reach the points of error concerning the propriety of allowing Alcoa to use deposition testimony that it elicited using leading questions. Tex. R.App.P. 90(a).

We reverse and remand for a new trial.