**AFFIRM; and Opinion Filed August 15, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00682-CV

### RUBEN MONREAL, Appellant
### V.
### BRUCE ALAN DOTSY D/B/A DOTSY TRUCKING SERVICE, Appellee

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-02331-D**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and O'Neill[1]
Opinion by Justice Brown

After he was injured in a multi-vehicle collision on a Dallas freeway, Ruben Monreal

sued the drivers of three other vehicles involved, one of whom was Bruce Alan Dotsy d/b/a

Dotsy Trucking Service. The trial court granted a summary judgment in favor of Dotsy. In two

issues on appeal, Monreal contends the trial court erred in striking some of his summary

judgment evidence and in granting Dotsy's summary judgment motion. We affirm the trial

court's judgment.

### BACKGROUND

In December 2011, Monreal filed his original petition, naming Dotsy, John Byron Wolfe

Jr., and Juan Gustavo Jaquez as defendants. Monreal alleged that on February 17, 2009, he was

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned.

driving on Stemmons Freeway and stopped because the car in front of him stopped. Two vehicles driven by Wolfe and Jaquez stopped behind Monreal. Monreal alleged that Dotsy struck Wolfe's vehicle from behind, which in turn struck Jaquez's vehicle, pushing it into Monreal's vehicle. Monreal asserted that Dotsy's negligence proximately caused him personal injuries. He maintained that Dotsy was negligent in several ways, including his failure to apply the brakes to avoid the accident, failure to maintain a clear distance, and failure to control his speed. Monreal alleged that Wolfe's and Jaquez's negligence also proximately caused his injuries. He alleged Wolfe and Jaquez were each negligent in failing to keep "a look out as a person of ordinary prudence would have kept" and in failing to "identify, predict, decide and execute evasive maneuvers appropriately in order to avoid accident." Monreal pleaded that the defendants were jointly and severally liable for his injuries.

Dotsy answered with a general denial and also asserted affirmative defenses. Dotsy later moved for both a traditional and no-evidence summary judgment on causation. Dotsy asserted that he was entitled to judgment as a matter of law because Monreal could not produce any evidence that Dotsy's negligence was the proximate cause of Monreal's injuries. Dotsy maintained the evidence showed multiple impacts to Monreal's vehicle and that, as a result, Monreal could not prove the impact by Dotsy caused his injuries.

As summary judgment evidence, Dotsy attached to his motion Monreal's interrogatory responses and deposition testimony and deposition testimony from Dr. Linden Dillin who treated Monreal. When asked in interrogatories how the accident occurred, Monreal responded, "I was rear ended and my car was pushed into the car in front of me. I was then hit again from behind." In his deposition, Monreal indicated that he was hit two times, about two or three seconds apart. He stated that the impacts were "the same." When asked if he was injured the first time he was hit, Monreal answered "I don't know." He responded the same way when asked if he was

injured in the second impact. Following the accident, Monreal saw a chiropractor at the Injury Institute for shoulder, neck, and back pain and pain in his left knee. At the time of his deposition, Monreal was still having trouble with his knee. The Injury Institute treated Monreal's knee through October 2012, but then sent him to Dr. Dillin. In his deposition, Dr. Dillin indicated Monreal needed surgery on his knee. The doctor was given a hypothetical about Monreal being hit from behind by collisions started by two different drivers, and he stated he could not tell which impact hurt Monreal's knee.

Monreal filed a response to the summary judgment motion. His response did not address Dotsy's argument that there were multiple rear impacts caused by different drivers. The response mentioned Dotsy's allegation that Monreal could not prove "whether it was the 'first' or 'second' impact that caused him to injure his knee." But the two impacts Monreal referred to are (1) being rear ended by Dotsy and (2) being pushed into the vehicle ahead of him as a result. Monreal maintained Dotsy caused the chain reaction and that Monreal had produced more than a scintilla of evidence on proximate cause.

Monreal attached as summary judgment evidence his deposition and medical records, Dr. Dillin's deposition, Wolfe's and Jaquez's answers to interrogatories, and a copy of a police crash report. Jaquez's interrogatory responses indicated he was stopped when he was rear-ended by Wolfe's vehicle. In his interrogatory responses, Wolfe stated that traffic was heavy and congested on the highway and that Dotsy was unable to bring his flatbed and vehicle to a stop, causing a chain reaction. The crash form included a "report narrative" that stated "Units 6, 5, 4, and 3 stopped due to traffic congestion, unit 1 with unit 2 in tow failed to stop in time hitting the back of unit 3, pushing unit 3 into unit 4, unit 4 into unit 5, and unit 5 into unit 6." Monreal stated in his deposition that an ambulance showed up after the incident and he told ambulance personnel he needed medical assistance and that his knee was hurting.

Dotsy objected to and moved to strike some of Monreal's summary judgment evidence, including the interrogatory responses from Wolfe and Jaquez. Dotsy also filed a reply to Monreal's response, presenting additional summary judgment evidence.[2] He attached a handwritten statement from Monreal, dated June 1, 2010, about the collision. In it, Monreal stated:

> I saw vehicle in front of me apply brakes all of a sudden. I slowed down no impact there. Vehicle behind me was able to slow down and brakes on time causing no impact there. Fourth vehicle did not apply brakes on time impacting vehicle behind causing vehicle behind me to impact me and I impacted the vehicle in front of me. Then 18 wheeler come in impacted 4th vehicle causing a second impact to vehicle behind, and after I received impact I hit vehicle in front of me for a second time.

No record was made of the hearing on Dotsy's motion for summary judgment. In an order dated March 3, 2014, the trial court granted the motion to strike in part, striking Monreal's summary judgment Exhibits A and B, the answers to interrogatories from Wolfe and Jaquez. In another order that same day, the court granted Dotsy's motion for summary judgment. The court later severed Monreal's claims against Dotsy from his claims against the other defendants. This appeal followed.

**STRIKING OF MONREAL'S SUMMARY JUDGMENT EVIDENCE**

In his first issue, Monreal contends the trial court erred in granting Dotsy's objection to the interrogatory responses from Wolfe and Jaquez, which were exhibits attached to Monreal's response to the motion for summary judgment. We disagree.

We review a trial court's ruling sustaining an objection to summary judgment evidence for an abuse of discretion. *Beinar v. Deegan*, 432 S.W.3d 398, 402 (Tex. App.—Dallas 2014, no pet.). A trial court abuses its discretion if it acts arbitrarily and unreasonably. *Id.*

---

[2] Monreal filed written objections to Dotsy's reply and the evidence it contained. In one sentence on page forty-seven of his appellate brief, Monreal contends the trial court should have sustained his objections and stricken most of Dotsy's reply and evidence. The record does not contain any ruling on Monreal's objections. Nor has Monreal properly presented this argument as an issue for us to review. *See* TEX. R. APP. P. 38.1(f). We therefore do not address this contention.

In moving to strike the exhibits, Dotsy argued that Monreal was improperly using the interrogatory responses against Dotsy, rather than against the responding parties, Wolfe and Jaquez. Dotsy cited rule of civil procedure 197.3. Under rule 197.3, a party's answers to interrogatories can only be used against that party. TEX. R. CIV. P. 197.3. They may not be used against another party, including a co-defendant. *Buck v. Blum*, 130 S.W.3d 285, 290 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see Armstrong-Cody v. Kinder Morgan Prod. Co.*, No. 11-13-00073-CV, 2015 WL 302002, at *2 (Tex. App.—Eastland Jan. 22, 2015, no pet.) (mem. op.).

Monreal asserts he was entitled to rely on the interrogatory responses of other parties in the same suit. He relies on *Ticor Title Insurance Co. v. Lacy*, 803 S.W.2d 265 (Tex. 1991) (per curiam), and *Smith v. Christley*, 755 S.W.2d 525 (Tex. App.—Houston [14th Dist.] 1988, writ denied), *abrogated on other grounds by Van Allen v. Blackledge*, 35 S.W.3d 61 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Monreal cites the following language in *Smith*, also quoted in *Ticor*: "A party must be able to rely on the interrogatories and answers of other parties in the same suit. Otherwise a multiparty case would require redundant interrogatories with identical questions and answers." *Smith*, 755 S.W.2d at 530. But *Smith* and *Ticor* are distinguishable from this case. In *Smith*, the Houston Fourteenth Court of Appeals noted that the predecessor to rule 197.3 limited interrogatories to use against the answering party, but said there is no limit on who may use them. Thus, the defendant could use the plaintiff's answers to interrogatories propounded by a third party against the plaintiff. *See id.* at 529–30. Likewise, *Ticor* involved one defendant using the plaintiff's failure to answer interrogatories propounded by another defendant against the plaintiff. *Ticor*, 803 S.W.2d at 265–66. These cases do not stand for the proposition that Monreal could use Wolfe's and Jaquez's answers to interrogatories

against Dotsy. The trial court did not abuse its discretion in striking the summary judgment evidence in question. We overrule Monreal's first issue.

In his second issue on appeal, Monreal contends the trial court erred in granting Dotsy's summary judgment motion. He contends fact issues exist regarding whether Dotsy's negligence proximately caused his injuries.

Dotsy filed a combined no-evidence and traditional summary-judgment motion. We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a no-evidence motion for summary judgment, the moving party must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof. *See* TEX. R. CIV. P. 166a(i). When we review a no-evidence summary-judgment motion, we ask whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the challenged elements. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). A party moving for traditional summary judgment must establish that no genuine issue of material facts exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). When we review a traditional summary judgment granted in favor of the party without the burden of proof, we determine whether that party disproved at least one element of the nonmovant's claim or conclusively proved every element of an affirmative defense. *Id.* A matter is conclusively established if ordinary minds cannot differ as to the conclusions to be drawn from the evidence. *Neese v. Lyon*, 479 S.W.3d 368, 375 (Tex. App.—Dallas 2015, no pet.). When a movant meets his burden of establishing each element of the claim or defense on which he seeks summary

judgment, the burden shifts to the nonmovant to disprove or raise a fact issue as to at least one of those elements. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015).

In reviewing both a no-evidence and traditional summary judgment, we examine the evidence in the light most favorable to the nonmovant and indulge every reasonable inference and resolve any doubts against the nonmovant. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A motion for summary judgment must itself expressly present the grounds upon which it is made. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). Similarly, issues a nonmovant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion. *Id.*

The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The mere occurrence of a rear-end collision is not evidence of negligence as a matter of law. *Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.— Houston [1st Dist.] 2009, no pet.). The plaintiff must prove specific acts of negligence and must prove the collision was a proximate cause of his injuries. *Id.* Proximate cause cannot be established by mere conjecture, guess, or speculation. *Doe*, 907 S.W.2d at 477.

Dotsy moved for a traditional summary judgment on grounds that he was entitled to judgment as a matter of law because there was no evidence the impact to Monreal's vehicle allegedly caused by Dotsy was the cause of Monreal's injuries. Dotsy presented evidence that two different drivers, Dotsy and Wolfe, initiated chain collisions that caused Monreal to be hit from behind on the day in question. Further, Dotsy presented evidence showing the impacts were of equal force and Monreal did not know which of these two rear impacts caused his injuries. Monreal stated in his deposition that he did not know if he was injured the first time he

–7–

was hit and he did not know if he was injured the second time he was hit. His doctor was unable to determine which impact caused the injury to Monreal's knee. Proximate cause cannot be established by speculation. Dotsy established Monreal could not prove Dotsy's conduct was a proximate cause of Monreal's injuries.

In response, Monreal relied on the crash report (and the stricken interrogatory responses) to show there was a single rear end chain collision for which Dotsy was responsible. The report stated that Dotsy, "unit 1 with unit 2 in tow," failed to stop in time hitting the back of unit 3, and so on. However, Monreal's own deposition and written statement indicated there were two separate series of rear-end collisions and that Wolfe initiated the first series. Although the crash report mentioned only one chain reaction, nothing in it is inconsistent with Monreal's version of the events. In light of Monreal's own testimony that more than one person hit him from behind, the crash report does not raise a genuine issue of material fact on causation. *See Walter v. Box*, No. 09-06-174-CV, 2007 WL 1219413, at *2–3 (Tex. App.—Beaumont 2007, no pet.) (mem. op.) (upholding no evidence summary judgment where plaintiff testified in deposition that she did not know if her injuries were caused by two rear end impacts or have any way of knowing which impact caused her injuries).[3] Monreal further asserts that proof of causation by lay testimony is appropriate for common injuries following a car accident. *See Guevara v. Ferrer*, 247 S.W.3d 662, 667 (Tex. 2007). While we agree with this proposition, under the facts of this case, where there is evidence of two collisions of equal force and Monreal and his doctor could not say which collision caused his injuries or if both collisions caused his injuries, the lay testimony does not provide proof of Dotsy's causation.

---

[3] *Walter v. Box* is distinguishable from this case because Walter had an "extensive history of prior and subsequent accidents and injuries." 2007 WL 1219412, at *2. It nevertheless demonstrates a similar failure by the plaintiff to link one of two impacts to her injuries.

In his appellate brief, Monreal raises the concept of indivisible injury for the first time. He states, "Where the tortious acts of two or more wrongdoers join to produce an indivisible injury, that is, an injury from which its nature cannot be apportioned with reasonable certainty to the individual wrongdoers . . . the injured party may proceed to judgment . . . against all in one suit." *In re Liu*, 290 S.W.3d 515, 524 (Tex. App.—Texarkana 2009, no pet.) (quoting *Landers v. E. Tex. Salt Water Disposal Co.*, 248 S.W.2d 731, 734 (Tex. 1952)). He did not, however, make this argument in the trial court when seeking to avoid summary judgment. Issues that a nonmovant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion. *McConnell*, 858 S.W.2d at 341. Monreal may not avoid summary judgment on the theory of indivisible injury when he did not make this argument in the trial court. We overrule Monreal's second issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

140682F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

RUBEN MONREAL, Appellant

No. 05-14-00682-CV      V.

BRUCE ALAN DOTSY D/B/A DOTSY
TRUCKING SERVICE, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-14-02331-D.
Opinion delivered by Justice Brown, Justices
Lang and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BRUCE ALAN DOTSY D/B/A DOTSY TRUCKING SERVICE recover his costs of this appeal from appellant RUBEN MONREAL.

Judgment entered this 15th day of August, 2016.